IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01733-EWN-CBS

MICHAEL L. ZINNA,
    Plaintiff,
v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the internet domain and website known as www.ColoradoWackoExposed.com, and
DOES 1-20,
    Defendants.

## ORDER FOR ENTRY OF DEFAULT

Magistrate Judge Craig B. Shaffer

    This matter comes before the court regarding the Order to Show Cause dated June 13, 2007 (doc. # 30). Pursuant to the Order of Reference dated September 7, 2006 (doc. # 2), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, . . ."

    This civil action commenced with the filing of the Complaint (doc. # 1) on September 1, 2006. Mr. Cook was personally served with the First Amended Complaint (doc. # 8) on January 9, 2007. (*See* doc. # 10). Mr. Zinna represented to the court that he served a copy of the Second Amended Complaint (doc. # 27) on Mr. Cook by certified mail that was later returned to Mr. Zinna as refused. (Courtroom Minutes/Minute Order (doc. # 29)).

    This matter came before the court on June 12, 2007 for a Scheduling Conference pursuant to Fed. R. Civ. P. 16(b). Plaintiff Mr. Zinna appeared in person in his *pro se* capacity. Mr. Cook did not appear. The Scheduling Conference was set by an Order

1

dated April 26, 2007 (doc. # 23).  A copy of the Order was mailed to Mr. Cook at his address on record with the court.  (*See* certificate of mailing for doc. # 23).  Mr. Cook's copy of the Order was not returned to the court as undeliverable.  Mr. Zinna represented to the court that he notified Mr. Cook of the Scheduling Conference by certified letter that was received at Mr. Cook's address by Mr. Cook's son, Andrew Cook.  (Courtroom Minutes/Minute Order (doc. # 29)).  The certified letter was later returned unopened to Mr. Zinna by certified mail.  The court also received a proposed Scheduling Order that was prepared without Mr. Cook's participation.  (*See* doc. # 28).  Mr. Cook further failed to confer with Mr. Zinna as required by Fed. R. Civ. P. 26(f).

> Pursuant to the Federal Rules of Civil Procedure,
>
> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  Rule 37(b)(2) includes "judgment by default against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(B).  Mr. Cook has failed to comply with the court's Order (doc. # 23) and with Rules 16 and 26 of the Federal Rules of Civil Procedure.  On June 13, 2007, the court issued an Order to Show Cause directing Mr. Cook to show cause in writing on or before June 29, 2007 why a default judgment or other sanctions should not

be imposed against him for failure to comply with the court's Order and the Federal Rules of Civil Procedure.  As of this date, Mr. Cook has not responded to the Order to Show Cause, has not appeared in this action, and has not responded to the Second Amended Complaint.

Further, Fed. R. Civ. P. 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The court now being sufficiently advised in the premises,

IT IS ORDERED that:

1. The Clerk of the Court shall enter Defendant Cook's default pursuant to Fed. R. Civ. P. 55(a), Fed. R. Civ. P. 16(f), and Fed. R. Civ. P. 37(b)(2)(B).

2. **A Status Conference is hereby set on Tuesday, October 30, 2007 at 11:15 a.m.** in Courtroom A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294.

DATED at Denver, Colorado, this 3rd day of October, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge