IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-1733-EWN-CBS

MICHAEL L. ZINNA

    Plaintiff,

v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the internet domain and website known as www.ColoradoWackoExposed.com, and DOES 1-20

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**
_____

    Plaintiff and the Jefferson County Sheriff's Office (the relevant "Parties") stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

    1.    Plaintiff has issued a subpoena to the Jefferson County Sheriff's Office seeking disclosure of the identity of a certain witness ("Witness") described in a supplemental report dated January 19, 2007. The Sheriff's Office filed a Motion to Quash that subpoena to protect the confidentiality of the Witness, which has been taken under advisement by the Court. In order to resolve the Sheriff's concerns regarding the confidentiality, the Parties have agreed to the following protections.

    2.    The Sheriff's Office will make the Witness available for a confidential interview with Plaintiff at the Jefferson County Courts and Administration building at a date and time agreed upon by the Parties. The persons present at the interview will be limited to the Witness, an attorney for the Jefferson County Sheriff's Office, Plaintiff, and Plaintiff's attorney if that

attorney has agreed to the terms of this stipulation by signing this document prior to the Court's approval. The Witness may have an attorney present representing her at the interview, if she chooses. Plaintiff and any attorney representing Plaintiff may not disclose the date, time, or purpose of the interview to anyone.

3. The scope of the interview will be limited to those questions necessary to determine if the Witness has relevant or admissible information related to Plaintiff's claim in this action. Plaintiff may not exceed this scope without prior permission from the Court. Plaintiff may take notes of the interview, but the interview is not to be recorded. The interview is not to exceed two hours.

4. Plaintiff may not disclose the identity of the Witness or any information related to the interview to any person with the exception of an attorney who has reviewed this Protective Order and has signed a copy of the Order. By signing the Order, the attorney agrees not to disclose the identity of the Witness and agrees to be bound by all of the provisions of this Order.

5. Plaintiff and any attorney representing Plaintiff are prohibited from disclosing the identity of the Witness or providing information sufficient for a reasonable person to determine the identity of the Witness unless prior permission is obtained from the Court. If Plaintiff wishes to take the deposition of the Witness, Plaintiff must apply to the Court for permission and establish the need for the deposition.

6. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

7. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 28th day of March, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 25th day of March, 2008.

ELLEN G. WAKEMAN
ACTING JEFFERSON COUNTY ATTORNEY

| *s/ Michael L. Zinna* | *s/ Patricia W. Gilbert* |
|---|---|
| Michael L. Zinna | By: Patricia W. Gilbert |
| 3100 Umatilla Street | Assistant County Attorney |
| Denver, CO 80211 | 100 Jefferson County Pkwy., Ste. 5500 |
| | Golden, CO 80419 |
| *Plaintiff* | (303) 271-8913 |
| | *Attorney for the Jefferson County Sheriff* |