IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01733-EWN-CBS

MICHAEL L. ZINNA,
        Plaintiff,
v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the internet domain
and website known as www.ColoradoWackoExposed.com and
DOES 1-20,
        Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Shaffer

THIS MATTER comes before the court on *pro se* Defendant Robert Jackson Cook's "Combined Motions to Dismiss" (doc. # 60), filed on April 15, 2008. *Pro se* Plaintiff Michael L. Zinna filed his "Response to Defendant Cook's Combined Motions to Dismiss" (doc. # 83) on May 5, 2008.

With a General Order of Reference (doc. # 2), dated September 7, 2006, this matter was referred to the Magistrate Judge "to hear and determine any pretrial matter which has been or will be presented in this case" and to submit "proposed recommendations for [the district court's] disposition of any motion" to grant summary judgment or to dismiss the entire action involuntarily." I have carefully reviewed the subject motion and related briefing, taken judicial notice of the court's entire file and considered the applicable Federal Rules of Civil Procedure and the applicable case law. I conclude that oral argument on the pending motion would not

assist the court.[1]  For the following reasons, I recommend that Defendant Cook's motion to dismiss be denied.

## BACKGROUND

Michael Zinna initiated this lawsuit on September 1, 2006, by filing a Complaint against ColoradoWackoExposed.com and Does 1-20.  The original Complaint asserted a single claim for relief under 18 U.S.C. § 2520(a) based upon the defendants' alleged interception, disclosure or intentional use of Mr. Zinna's wire, oral or electronic communications.  According to Plaintiff, his communications had been intercepted or otherwise taken and later posted on ColoradoWackoExposed.com.  The Complaint alleged that "readers of ColoradoWackoExposed.com were then encouraged to remit money to ColoradoWackoExposed.com for the services rendered by way of intercepting, disclosing or intentionally using Plaintiff Zinna's e-mails and other wire and oral communications."  *See* Complaint (doc. # 1) at ¶ 10.  On December 20, 2006, Plaintiff filed a First Amended Complaint (doc. # 8) which asserted the same claim under 18 U.S.C. § 2520(a), but added Defendant Robert Cook.

Defendant Cook filed a "Special Response, Reminder of Sovereignty, Refused Because it is Not Me, Refused for Cause" (doc. # 9) on January 8, 2007.  This submission was not docketed by the Clerk's Office as a motion, but rather was designated a "miscellaneous response."  Defendant's "Special Response" was nearly incomprehensible.  In sum, Mr. Cook took the

---

[1]As a practical matter, Defendant Cook has failed to appear for any court proceedings in this case since January 4, 2008.  *See* Doc. # 41 (Fed.R.Civ.P. 16 scheduling conference on January 4, 2008); Doc. # 52 (minutes of motions hearing on March 13, 2008); Doc. # 62 (minutes of preliminary pretrial conference on April 16, 2008); Doc. # 82 (minutes of motions hearing on May 5, 2008) and Doc. # 100 (minutes of hearing on August 26, 2008).

position that he

> is not a UNITED STATES federally controlled citizen/subject, nor consent to be. Neither is this American a citizen/subject of the DISTRICT OF COLORADO, what ever that is, nor consents to be. . . . Should any case be brought, forced or pursued against this sovereign, unenfranchised natural being or property it shall be up to the instigator of such effort, not only to show cause, but to provide for and prepay all legal and other expenses inclusive of, but not limited to, any legal council (sic), my time at $100/hr. (currently 5 hours) for which a bill will be generated..

*See* Defendant's Special Response. Mr. Cook filed an additional "Special Response" (doc. # 13) on February 5, 2007, in which he again argued that he was "lawfully not a subject of the UNITED STATES and therefore not under its jurisdiction," and that the lawsuit must be dismissed for lack of subject matter, personal and diversity jurisdiction. Plaintiff Zinna filed his response to Defendant Cook's "Special Responses" on March 5, 2007 (doc. # 17).

On March 30, 2007, Plaintiff filed a Motion for Leave of Court to File Second Amended Complaint (doc. # 20). Defendant Cook apparently failed to respond when Mr. Zinna attempted to comply with D.C.COLO.LCivR 7.1A prior to filing his motion for leave to amend. This court accepted Plaintiff's Second Amended Complaint for filing on April 26, 2007 (doc. # 22). The Second Amended Complaint retained Mr. Zinna's claim against Mr. Cook under 18 U.S.C. § 2520(a), but dropped ColoradoWackoExposed.com as a named party. Defendant Cook's "Combined Motions to Dismiss" is directed to the Second Amended Complaint.

**ANALYSIS**

Defendant Cook seeks to dismiss the instant action for (1) lack of venue, (2) lack of jurisdiction, (3) abuse of process, (4) "vagueness/lack of specificity," and (5) "lack of evidence." Upon closer consideration, each of these arguments is wholly without merit.

    A.    *Lack of Subject Matter Jurisdiction*

Under Rule 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts . . . ." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted).

Defendant Cook is challenging the court's subject matter jurisdiction on multiple grounds. First, Mr. Cook argues that "legal jurisdiction for www.coloradowackoexposed.com is a foreign jurisdiction, per public and Internic (sic) information and as provided in its legal notice" and that the District Court for the District of Colorado "does not have subject matter jurisdiction in foreign matters." Second, Defendant contends that the District Court for the District of Colorado "is not a true United States Court, established under Article 2 of the Constitution," but rather a "territorial court" established under Congress' power under Article 4 to make all "rules and regulations respecting the territories of the United States." Finally, Mr. Cook argues that the district court lacks subject matter jurisdiction because there is not complete diversity between the parties. None of these arguments have any merit.

Plaintiff has properly alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides, in pertinent part, that "the district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . of the United States." Here, Mr. Zinna is asserting a claim under 18 U.S.C. § 2520(a), which creates a civil cause of action where a person's wire, oral or electronic communications are intercepted, disclosed or intentionally used in violation of federal law. These allegations are sufficient to establish federal question jurisdiction in this case.

*See Nielsen v. Archdiocese of Denver*, 413 F. Supp.2d 1181, 1183 (D. Colo. 2006) (for a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint and the plaintiff's cause of action must be created by federal law). In view of the federal claim asserted in the Second Amended Complaint, the lack of diversity between the parties becomes immaterial. *See Coffman v. City of Wichita, Kansas*, 165 F. Supp. 765, 767 (D. Kan. 1958). *Cf. Rank v. Krug*, 142 F. Supp. 1, 64 (S.D. Cal. 1956) (in federal question cases, jurisdiction depends solely upon the character of the case and lack of diversity will not defeat the court's subject matter jurisdiction), *judgment aff'd in part and reversed in part*, 293 F.2d 340 (9th Cir. 1961).

Mr. Cook's jurisdictional challenge under Article III of the Constitution is simply frivolous. In support of that argument, Mr. Cook cites to *Albrecht v. United States*, 329 U.S. 599 (1947)[2] and *Balzac v. People of Puerto Rico*, 258 U.S. 298 (1922). Defendant's reliance on *Balzac* is misplaced. *Cf. Reid v. Covert*, 354 U.S. 1, 14 (1957) (noting that *Balzac* and the other so-called "Insular Cases" involved the power of Congress to provide rules and regulations to govern temporarily territories with wholly dissimilar traditions and institutions, and cautioning that "neither these cases nor their reasoning should be given any further expansion"). A careful review of the facts in *Balzac* reveals that case involved criminal prosecutions in Puerto Rico which was not (and is not now) a State of the United States. Given that Colorado became the 38th State on August 1, 1876, *Balzac* is both factually and legally distinguishable from the instant

---

[2]Although Mr. Cook's "Combined Motions" directs the court's attention to *Albrecht v. United States*, 329 U.S. 599 (1947), the relevance of that decision to Defendant's legal argument or the facts is this case is not readily apparent. Mr. Cook's 'Combined Motions" provides no clarifying explanation that would assist the court.

case. *Cf. United States v. Cuevas-Arrendondo*, 2008 WL 80127, *4 (D. Neb. 2008). *See also United States v. Hodges*, 2007 WL 2479274, *2 (N.D. Ga. 2007) (characterizing as "frivolous" the defendant's argument that he was "a citizen of Georgia and not the United States of America, [and] that the United States District Court is not a 'true' United States court as established under Article III of the United States Constitution"); *Lamont v. Schultz*, 748 F. Supp. 1043, 1052 (S.D.N.Y. 1990) (distinguishing *Balzac* and the other "Insular Cases" as involving proceedings brought by non-United States authorities in non-United States courts).

Finally, Mr. Cook's challenge to the court's subject matter jurisdiction gains no traction from his bald assertion that www.coloradowackoexposed.com. has some "foreign" identity or status. Subject matter jurisdiction addresses the court's power to hear a case. *Xie v. University of Utah*, 243 Fed. Appx. 367, 372 (10th Cir. 2007). As the website www.coloradowackoexposed.com. is not a named party, it's legal status or location has no bearing on the question of subject matter jurisdiction.

   *B.    Lack of Venue*

Defendant Cook also has moved to dismiss for improper venue. Without providing any supporting legal authority or coherent explanation, Defendant Cooks simply asserts that

> Venue is *where* the court sits. The court sits in a Federal zone. No act or injury occurred in a federal zone. Plaintiff alleges wiretap fraud from a truck sitting outside his resident. Such is not a federal zone. . . . Therefore, there is insufficient evidence to support a finding a venue for this case.

*See* Defendant's Combined Motion to Dismiss, at 1-2. This particular argument is not supported by legal citations and does not warrant extensive analysis. *Cf. United States v. Marks*, 530 F.3d 799, 811 (9th Cir. 2008) (rejecting as "frivolous" the defendant's attempt to distinguish between a "federal zone" district court (defined as one applying laws passed by Congress to citizens of the

6

United States) and a "state zone" district court (which would extend to the defendant, a self-described "citizen and resident of the Sovereign State of California" and thus a "state zone" citizen).[3]

The requirement of proper venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." *VE Holding Corp. v. Johnson Gas Application Co.*, 917 F.2d 1574, 1576 (Fed. Cir. 1990). Generally, a plaintiff's choice of forum is not to be lightly disregarded. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970). However, when venue is challenged, the plaintiff has the burden to establish that venue is proper in the judicial district where the action has been brought. *See Ervin and Associates, Inc. v. Cisneros*, 939 F. Supp. 793, 796 (D. Colo. 1996). Here, where Mr. Zinna's claims arise under the laws of the United States, the appropriate venue provision is 28 U.S.C. § 1391(b), which provides, in pertinent part, that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

"In evaluating a motion to dismiss for improper venue under Rule 12(b)(3), the court 'must accept the facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor.'" *Cavu Releasing, LLC v. Fries*, 419 F. Supp.2d 388, 394 (S.D.N.Y. 2005).

---

[3]In an earlier filing with the court, Mr. Cook described himself as a "sovereign" and insisted that he is "lawfully not a subject of the UNITED STATES and therefore no under its jurisdiction." *See* Defendant's "Special Response (courtesy, not required #06-CV-01733)" (doc. # 13).

To decide a motion to dismiss for improper venue, the court may rely upon the well pled facts of plaintiff's complaint, to the extent that such facts are not controverted by the defendant. *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). The plaintiff is not required to establish that his chosen venue 'has the most substantial contacts to the dispute; rather, it is sufficient that a substantial part of the events occurred [here], even if a greater part of the events occurred elsewhere.'" *National Council on Compensation Ins., Inc. v. Caro & Graifman, P.C.*, 259 F. Supp.2d 172, 176 (D. Conn. 2003). The court must resolve all factual conflicts in favor of the plaintiff. *Electroplated Metal Solutions, Inc. v. American Services, Inc.*, 500 F. Supp.2d 974, 976 (N.D. Ill. 2007). *See also Quarles v. General Investment & Development Co.*, 260 F. Supp.2d 1, 8 (D.D.C. 2003).

I conclude that the District of Colorado is a proper venue in this case, pursuant to § 1391(b)(1), because it is the judicial district in which Mr. Cook was residing at the time the lawsuit was initiated. *Cf. Heyco, Inc. v. Heyman*, 636 F. Supp. 1545, 1547 (S.D.N.Y. 1986) (holding that venue was proper because defendant resided in New York County which is located within the Southern District of New York). *See also Samuelson v. Honeywell*, 863 F. Supp. 1503, 1508 (E.D. Okl. 1994) (for purposes of venue, a person is a "resident" where he is domiciled, and makes his permanent home).

I further find, pursuant to § 1391(b)(2), that a substantial part of the events giving rise to Plaintiff's claim occurred in the District of Colorado. In making this finding, I have accepted as true all of the well-pled facts alleged in the Second Amended Complaint. More specifically, the Second Amended Complaint alleges that on or about June 14, 2006, Mr. Zinna was transmitting and receiving e-mail at his home in Colorado. The court will make the reasonable inference that

8

the computer utilized by Zinna also was located in Colorado. Plaintiff contends that his June 14, 2006 e-mail transmissions were intercepted in Colorado and subsequently posted on the internet at [www.ColoradoWackoExposed.com.](www.ColoradoWackoExposed.com.) Mr. Zinna claims that this website also encouraged readers to donate money to [www.ColoradoWackoExposed.com.](www.ColoradoWackoExposed.com.) "for the service rendered through intercepting, disclosing, or intentionally using Plaintiff ZINNA's e-mails and other wire and oral communications." A reasonable inference can be drawn that the request for donations was primarily directed to individuals most interested in the information concerning Mr. Zinna, *i.e.*, Colorado residents.

In challenging venue in the District of Colorado, Mr. Cook summarily contends that "venue for [www.coloradowackoexposed.com"](www.coloradowackoexposed.com") is a foreign venue per public and Internic information." However, Mr. Cook does not identify what that "public and Internic information" might be. Standing alone, venue in this forum may not rest solely on the fact that a general access website can be accessed by citizens in the State of Colorado, particularly where the website in question is essentially passive. *See Shari's Berries International, Inc. v. Mansonhing*, 2006 WL 2382263, *2 (E.D. Cal. 2006) and cases cited therein. *Cf. Hsin Ten Enterprise, USA, Inc. v. Clark Enterprises*, 138 F. Supp.2d 449, 460 (S.D.N.Y. 2000) (noting that operation of a passive website, without more, is insufficient to establish proper venue). In this case, however, Plaintiff has identified other facts and events occurring in the District of Colorado that support a finding that venue is proper under § 1391(b).

    C.    *Abuse of Process*

Mr. Cook contends that the Second Amended Complaint must be dismissed "due to the amount of frivolous suits Mr. Zinna has brought forward to the court system." My review has

9

identified two lawsuits filed in the United States District Court by Mr. Zinna: *Zinna v. Cook*, Civil Action No. 06-cv-01733-EWN, and *Zinna v. The Board of County Commissioners of the County of Jefferson and James Congrove*, Civil Action No. 05-cv-01016-RPM. In the latter case, Senior District Judge Richard P. Matsch granted a motion for summary judgment filed by Defendant Board of County Commissioners, but denied Defendant Congrove's motion for summary judgment.

While not specifically contemplated by Fed.R.Civ.P. 12(b), courts have broad authority to prevent the abuse of their process and may dismiss a lawsuit for abuse of process.[4] *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984). As the Tenth Circuit acknowledged in *Pueblo de Taos v. Archuleta*, 64 F.2d 807, 812 (10th Cir. 1933), "the court is the protector of the purity of its own process, and may take such steps as are necessary to protect against its abuse, on it own motion, or upon the suggestion of a stranger; and neither state statutes nor ordinary procedural rules can thwart a prompt an efficacious discharge of that prompt obligation." Similarly, "a vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002). However, merely filing successive lawsuits does not necessarily equate to abuse of process. *See In re Powell*, 851 F.2d 427, 434 (D.C. Cir. 1988) ("[M]ere litigiousness alone does not support the

---

[4] The elements of an abuse of process claim include: (1) an ulterior motive in the use of judicial proceedings; (2) willful actions by a party in the use of the process which are not proper in the regular conduct of a civil action; and (3) damages caused by the first two elements. *O'Hayre v. Board of Education for Jefferson County School District R-1*, 109 F. Supp.2d 1284, 129 (D. Colo. 2000), citing *Moothart v. Bell*, 21 F.3d 1499, 1508 (10th Cir. 1994). *See also Moore v. Western Forge Corp.*, 2007 WL 3378348, *11 (Colo. App. 2007).

issuance of an injunction. Both the number and content of the filings bear on a determination of frivolousness or harassment."). *Cf. Doctor's Associates, Inc. v. Weible*, 92 F.3d 108, 114 (2d Cir. 2006) (noting that a party does not abuse legal process merely by filing a lawsuit); *Wiggins v. State Farm Fire and Casualty Co.*, 153 F. Supp.2d 16, 22 (D.D.C. 2001) (holding that merely filing a lawsuit will not support an actionable claim for abuse of process)

At this point in the proceedings, the court cannot conclude that Mr. Zinna committed abuse of process by initiating the instant lawsuit. There is no evidence before the court that would support Defendant's contention that Mr. Zinna's actions in connection with this case were for an ulterior purpose or that the allegations in the Second Amended Complaint are so baseless as to constitute harassment.

    D.    *Lack of Specificity*

In moving to dismiss, Mr. Cook also contends that the Second Amended Complaint "contains no details as to the alleged criminal behavior of the accused or the circumstances of time and place or of those concerning the victims." I will presume that Mr. Cook is attempting to invoke Fed.R.Civ.P. 12(b)(6), which provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."

To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007),

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

11

The court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Viewing the allegations from that perspective, I conclude that well-pled allegations in the Second Amended Complaint plausibly support a legal claim for relief.

    *E.*    *Lack of Evidence*

Mr. Cook contends that notwithstanding the allegations in the Second Amended Complaint, Plaintiff has presented "no evidence of wire tapping from a truck." Defendant also states that

> Documented detective work was performed by a detective that Jefferson County Commissioners hired. The contracted work was done for legal purposes and is of public knowledge. I had/have no knowledge, involvement or association with any such party or action.

*See* Defendant's Combined Motions to Dismiss, at 3.

Rule 8 of the Federal Rules of Evidence does not require a plaintiff to plead evidence. *See, e.g., Knowles v. Hopson*, 2008 WL 2414849 (N.D. Ill. 2008); *Chapdelaine Corporate Securities & Co. v. Depository Trust and Clearing Corp.*, 2006 WL 2020950 (S.D.N.Y. 2006). Plaintiff is only required to give Mr. Cook fair notice of the claim asserted and the grounds upon that claim rests. *Cf. Bohannon v. Durham County Hospital Corp.*, 24 F. Supp.2d 527, 529 (M.D.N.C. 1998) ("detailed factual averments are no longer necessary to avoid dismissal of a claim"); *Hakimoglu v. Trump Taj Mahal Associates*, 876 F. Supp. 625, 628-29 (D. N.J. 1994) ("It is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim"). The pleading requirements of Rule 8 are satisfied where sufficient information is provided "which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be

12

assigned the proper form of trial. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004), quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). If Defendant Cook wishes to understand Plaintiff's evidence, he should utilize the discovery tools available through the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, this court recommends that Defendant Cook's Combined Motions to Dismiss (doc. # 60) be denied.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate

Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 29th day of September, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge