IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-1733-CMA-CBS

MICHAEL L. ZINNA,
    Plaintiff,
v.

ROBERT JACKSON COOK,
JAMES CONGROVE,
DUNCAN BRADLEY, and
DARIL CINQUANTA,
    Defendants.
_____

STIPULATION AND PROTECTIVE ORDER
CONCERNING CONFIDENTIAL WITNESS
_____

Plaintiff, Defendants, and "Jane Doe", by their respective undersigned attorneys, stipulate to the entry of this Protective Order Concerning Confidential Witness ("Protective Order"), as follows:

1. On March 28, 2008, in Civil Action No. 06-cv-1733-CMA-CBS, the Court entered a Stipulated Protective Order Concerning Confidential Information (#56), which was subsequently amended (#92). The Stipulated Protective Order precluded the disclosure of the identity of Jane Doe (the "Confidential Witness"). The instant Stipulation for Entry of Protective Order Concerning Confidential Witness, if approved by the Court, replaces the previous protection order as modified (#56 and #92).

2. Certain parties to this action are also parties in the action captioned as *Zinna v. James Congrove*, in the United States District Court, for the District of Colorado, Civil Action No. 05-cv-RPM-MJW (the "*Zinna v. Congrove*" action). A Stipulation for Entry of Protective

Order Concerning Confidential Witness containing the same terms as set forth herein is being filed in the Zinna v. Congrove action.

3. The parties and their respective attorneys acknowledge that the identity of the Confidential Witness may be discovered by them through discovery in this action and in the *Zinna v. Congrove* action. The parties agree, however, that for the duration of this or the *Zinna v. Congrove* action, whichever terminates last, including any post-trial proceedings, they will not disclose the identity of the Confidential Witness to any person, nor provide any information that would enable a reasonable person to discover the Confidential Witness's identity.

4. Attorneys for the respective parties agree not to disclose the identity of the Confidential Witness except as necessary to prosecute the claims or assert the defenses in this or the Zinna v. Congrove actions. By way of example, the attorneys for the respective parties may disclose the identity of the Confidential Witness to obtain additional necessary discovery (formal or informal), including during the course of a deposition where the identity of the Confidential Witness relates to the area of inquiry. Each attorney agrees to take reasonable measures to protect the identity of the Confidential Witness from unnecessary disclosure. This Stipulation does not preclude a party from calling the Confidential Witness as a witness at trial, but no party may refer to the existence of the Protective Order in the presence of the jury without first obtaining the Court's permission.

5. If the Confidential Witness's identity is used in any court filing or proceeding in this action, it will not lose its confidential status as between the parties through such use. But any pleadings or briefs identifying the Confidential Witness will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by court order. Any

motion requesting leave to file documents under seal must comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3.

6. If any party or his attorney wishes to interview or depose the Confidential Witness, that party or his attorney must coordinate the interview or deposition solely through the Confidential Witness's attorneys Marc Colin and Brian Reynolds. Only those parties and their respective attorneys who are subject to this Protective Order may attend the interview or deposition of the Confidential Witness. The Confidential Witness agrees that her attorneys are authorized to accept service of process on her behalf.

7. Except as between the parties, neither the transcript of any deposition of the Confidential Witness nor notes of any interview given by the Confidential Witness may be disclosed or produced by any party for any reason whatsoever. Any party's attorney may disclose or produce the transcript or notes (a) to his client and his client's insurer or indemnitor, if any, including counsel for any insurer or indemnitor; (b) as an attachment to a document or pleading filed in this or the *Zinna v. Congrove* action; or (c) at any hearing or trial in this or the *Zinna v. Congrove* actions.

8. The parties may not, directly or indirectly, initiate contact or communication of any kind with the Confidential Witness.

9. A party may not, directly or indirectly, threaten, harass, stalk, intimidate, or retaliate against the Confidential Witness in any manner whatsoever.

10. A party or an attorney for a party may initiate contact with the Confidential Witness only through the Confidential Witness's attorneys.

11. The terms of paragraphs 7 and 8 will survive the termination of this action, and will remain in full effect in perpetuity.

12. This Protective Order may be amended only by written agreement of all Parties hereto, or by order of the Court upon written motion for good cause shown.

Respectfully submitted this 8th day of December 2008.


By: *s/ Michael L. Zinna*  
Michael L. Zinna, *pro se*  
P.O. Box 4  
Denver, CO 80211  
877-699-4662  
zinna@zinna.com  

By: *s/ Patrick D. Tooley*  
DILL DILL CARR STONEBRAKER  
 & HUTCHINGS, PC  
455 Sherman Street, #300  
Denver, CO 80203-4404  
(303) 777-3737  
ptooley@dillanddill.com  
ATTORNEYS FOR DEFENDANT  
   CONGROVE  


By: *s/Timothy P. Schimberg*  
FOWLER SCHIMBERG & FLANAGAN, PC  
1640 Grant Street, #300  
Denver, CO 80203  
(303) 298-8603  
t_schimberg@fsf-law.com  
ATTORNEYS FOR DEFENDANT BRADLEY  

By: *s/Brian R. Reynolds*  
BRUNO, COLIN, JEWELL & LOWE, P.C.  
1560 Broadway, #1099  
Denver, CO 80202-5143  
(303) 831-1099  
breynolds@bcjlpc.com  
ATTORNEYS FOR CONFIDENTIAL  
   WITNESS  


Approved and ordered this 18th day of December, 2008.

BY THE COURT:


  s/Craig B. Shaffer  
United States Magistrate Judge