IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01733-CMA-CBS

MICHAEL L. ZINNA

    Plaintiff,

v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the internet domain and website known as www.ColoradoWackoExposed.com,
JAMES CONGROVE,
DUNCAN BRADLEY, and
DARIL CINQUANTA,

    Defendants.

## ADDENDUM TO SCHEDULING ORDER

Plaintiff, Michael Zinna, *pro se*; Defendant James Congrove, by and through counsel Patrick D. Tooley of Dill Dill Carr Stonbraker & Hutchings, P.C.; Defendant Duncan Bradley, by and through counsel Timothy P. Schimberg of Fowler, Schimberg & Flanagan, P.C.; and Defendant Daril Cinquanta, by and through counsel Steven P. Johnston of Kennedy Childs & Fogg, P.C.[1], have met and conferred pursuant to the Court's Minute Order **(Doc. 161)** and Fed.R.Civ.P. 26(f) and respectfully submit the following Amended Scheduling Order and protocol for the production and discovery of electronically-stored information (ESI) as an addendum to the Scheduling Order **(Doc. 162)**:

**(1)**     **ESI in general.**

The parties agree that they will preserve all digital and electronic storage

---

[1] Defendant Robert Jackson Cook, *pro se*, did not participate in the conference because the undersigned counsel and *pro se* Plaintiff do not know where he is or how to locate him.

devices–including but not limited to computers, hard drives, flash drives, and iPods–that they used from January 1, 2005 through January 12, 2009 ("the pertinent period") and that are in their possession, custody, or control. The parties further agree that they will not delete, destroy, or otherwise hinder the potential discovery of the information contained in the above-referenced digital and electronic devices.

Plaintiff Michael Zinna has two computers and an iPod that contain or may contain ESI.

The information that was on Defendant James Congrove's Dell computer was imaged and therefore preserved by Jefferson County on December 8, 2008. Mr. Congrove's personal computer is being retained and is not currently being used.

Defendant Duncan Bradley's emails while employed at the Jefferson County Attorney's Office have been archived and previously provided by the County Attorney's Office. Mr. Bradley's personal computer while he worked at the Jefferson County Attorney's Office was a Compaq desktop. Mr. Bradley sold this computer at a garage sale in February or March of 2007 after he left the employment of the Jefferson County Attorney's Office. Mr. Bradley currently owns an HP Pavilion A465C.

The desktop computer that Defendant Daril Cinquanta had at the time he was investigating Plaintiff Zinna in 2006 "crashed" or stopped working and was discarded before he was named as a Defendant in this case. Mr. Cinquanta currently owns a different computer that is being retained.

**(2)    E-mail information.**

The parties have conferred on the scope of e-mail discovery and e-mail search protocols.

2

The parties agree that any request for e-mail information may set forth the search terms and search protocols to be used by the responding party, and the responding party will state in its response what search terms were used and how the e-mail information was searched.

**(3)    Deleted information.**

The parties agree to preserve all digital and other electronic storage devices that they used during the pertinent period that are in their possession, custody, or control. To the extent that any party seeks from another party information that may have been deleted from a digital or electronic storage device that was in use during the pertinent period, the costs to restore or recover that deleted information will be borne by the requesting party. The parties agree that they have an obligation to make available for inspection to any other party all digital and other electronic storage devices that they used during the pertinent period that are in their possession, custody, or control.

**(4)    "Embedded data" and "metadata."**

"Embedded data" and "metadata" may exist. If "embedded data" and "metadata" is available on a digital or other electronic storage device that was in use during the pertinent period and is relevant to this case, then it will be recoverable to a requesting party, subject to privilege, the work product doctrine, and the protection of trial preparation materials. The parties agree that the requesting party will pay for any expenses associated with the production of "embedded data" and "metadata."

**(5)    Back-up and archival data.**

Back-up and archival data may exist. The costs for the production of back-up and archival data, subject to privilege, will be borne by the party requesting that data.

**(6)     Format and media.**

ESI will be produced in its native format or as otherwise agreed by the parties.

**(7)     Reasonably accessible information and costs.**

At this time, the parties are unable to determine the extent to which ESI is or is not reasonably accessible. The parties agree that they will confer prospectively as the need may arise with regards to this type of information.

**(8)     Privileged or trial preparation materials.**

If a disclosing party inadvertently produces privileged or trial preparation materials, it will notify the party to whom the inadvertent production was made of such disclosure. After the party to whom the inadvertent production was made is notified, it must return all information and copies to the producing party, and it may not use or disclose this information until the claim of privilege or protection of trial preparation materials is resolved.

DATED at Denver, Colorado, this 2nd day of February, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| By: s/ Michael L. Zinna<br>***Michael L. Zinna***<br>P.O. Box 4<br>Denver, CO 80201<br>Telephone: 1-877-699-4662<br>E-mail: zinna@zinna.com<br>*Pro Se* Plaintiff | By: s/ Patrick D. Tooley<br>***Patrick D. Tooley***<br>Dill Dill Carr Stonbraker & Hutchings, PC<br>455 Sherman Street, Suite 300<br>Denver, CO 80203<br>Telephone: (303) 777-3737<br>FAX: (303) 777-3823<br>E-mail: pdtooley@dillanddill.com<br>Attorney for Defendant James Congrove |
| By: s/ Timothy P. Schimberg<br>***Timothy P. Schimberg***<br>Fowler, Schimberg & Flanagan, P.C.<br>1640 Grant Street, Suite 300<br>Denver, CO 80203<br>Telephone: (303) 298-8603<br>FAX: (303) 298-8748<br>E-mail: t_schimberg@fsf-law.com<br>Attorney for Defendant Duncan Bradley | By: s/ Steven P. Johnston<br>***Steven P. Johnston***<br>KENNEDY CHILDS & FOGG, P.C.<br>1050 17th Street, Suite 2500<br>Denver, CO 80265<br>Telephone: (303) 825-2700<br>FAX: (303) 825-0434<br>E-mail: sjohnston@kcfpc.com<br>Attorney for Defendant Daril Cinquanta |