IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01733-CMA-CBS

MICHAEL L. ZINNA,
    Plaintiff,
v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the internet domain and website known as www.ColoradoWackoExposed.com.,
JAMES CONGROVE,
DUNCAN BRADLEY, and
DARIL CINQUANTA,
    Defendants.

## RECOMMENDATION OF MAGISTRATE JUDGE REGARDING PENDING MOTIONS TO DISMISS

Magistrate Judge Shaffer

    THIS MATTER comes before the court on Defendant Duncan Bradley's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. # 142), filed on December 12, 2008, and Defendant Daril Cinquanta's Motion to Dismiss with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. # 165), filed on January 22, 2009.[1] *Pro se* Plaintiff Michael Zinna filed his Response to Defendant Bradley's Motion to Dismiss (doc. # 156) on January 12, 2009, and his Response to Defendant Cinquanta's Motion to Dismiss (doc. # 175) on February 11, 2009. Bradley and Cinquanta filed their reply briefs (doc. ## 167 and 180) on January 26, and February 25, 2009, respectively. The court held a hearing on the instant motions on April 8, 2009, at the

---

[1] Defendant James Congrove joined in these motions to dismiss with a filing on February 20, 2009 (doc. # 173). For convenience, this Recommendation refers to Messrs. Congrove, Bradley and Cinquanta collectively as the "Moving Defendants."

1

conclusion of which I permitted the parties to file supplemental briefs addressing the possible applicability of Fed.R.Civ.P. 15(c) and principles of equitable tolling. Defendants Congrove and Bradley and Plaintiff Zinna submitted supplemental briefs (doc. ## 194, 195 and 199). The court heard additional oral argument during a hearing on April 27, 2009.

With a General Order of Reference (doc. # 2), dated September 7, 2006, this matter was referred to the Magistrate Judge "to hear and determine any pretrial matter which has been or will be presented in this case" and to submit "proposed recommendations for [the district court's] disposition of any motion" to dismiss or for summary judgment. I have carefully reviewed the subject motions, related briefing and the court's entire file, and have considered the arguments presented during motions hearings, as well as the applicable Federal Rules of Civil Procedure and pertinent case law. For the following reasons, I recommend that the instant motions be denied.

## BACKGROUND

This case has proceeded by fits and starts since its inception, and a recitation of the litigation history will put the instant motions in context. Michael Zinna initiated this lawsuit on September 1, 2006, by filing a Complaint against ColoradoWackoExposed.com and Does 1-20. The original Complaint asserted a single claim for relief under 18 U.S.C. § 2520(a)[2] based upon the defendants' alleged interception, disclosure or intentional use of Mr. Zinna's wire, oral or

---

[2]This statute provides, in pertinent part, that except,

as provided in section 2511(2)(1)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

2

electronic communications. According to Plaintiff, his electronic communications were intercepted or otherwise taken and later posted on an internet website, ColoradoWackoExposed.com. The Complaint alleged that the readers of this website "were then encouraged to remit money to ColoradoWackoExposed.com for the services rendered by way of intercepting, disclosing or intentionally using Plaintiff Zinna's e-mails and other wire and oral communications." *See* Complaint (doc. # 1) at ¶ 10. On December 20, 2006, Plaintiff filed a First Amended Complaint (doc. # 8) which asserted the same claim under 18 U.S.C. § 2520(a), but added *pro se* Defendant Robert Cook.

Defendant Cook filed a "Special Response, Reminder of Sovereignty, Refused Because it is Not Me, Refused for Cause" (doc. # 9) on January 8, 2007. This submission was nearly incoherent, but summarily argued that Mr. Cook "is not a UNITED STATES federally controlled citizen/subject . . . [and] [n]either is this American a citizen/subject of the DISTRICT Of COLORADO." Mr. Cook filed an additional "Special Response" (doc. # 13) on February 5, 2007, in which he again proclaimed that he is "lawfully not a subject of the UNITED STATES and therefore not under its jurisdiction," and further argued that this lawsuit must be dismissed for lack of subject matter, personal and diversity jurisdiction. Plaintiff Zinna filed his Response to Defendant Cook's Motion to Dismiss (doc. # 17) on March 5, 2007.

Mr. Cook failed to appear at a March 27, 2007 status conference set by this court. On March 30, 2007, Plaintiff filed a Motion for Leave of Court to File Second Amended Complaint (doc. # 20). Defendant Cook apparently failed to respond when Mr. Zinna attempted to comply with D.C.COLO.LCivR 7.1A prior to filing that motion for leave to amend. I accepted Plaintiff's Second Amended Complaint for filing on April 26, 2007 (doc. # 22). The Second

Amended Complaint retained Mr. Zinna's claim against Mr. Cook under 18 U.S.C. § 2520(a), but dropped ColoradoWackoExposed.com as a named party. The Second Amended Complaint also alleged that Defendant Cook and the "Doe" defendants "acted in concert and conspiracy" to violate Mr. Zinna's rights by "intercepting, disclosing or intentionally using wire, oral and or electronic communications between Plaintiff ZINNA and other known persons, in violation of 18 U.S.C. § 2520(a)." *See* Second Amended Complaint, at ¶ 16.

This court entered an Order (doc. # 23) on April 26, 2007, setting a Fed.R.Civ.P. 16(b) scheduling conference for June 12, 2007. In the same Order, I directed the parties to prepare a proposed scheduling order in accordance with the instructions set forth in Appendix F of the Local Rules of Practice for the District of Colorado. A copy of the April 26, 2007 Order was sent to Mr. Cook's mailing address of record and was not returned to the court as undeliverable. Although Mr. Zinna appeared at the Rule 16 scheduling conference on June 12, 2007, Defendant Cook did not appear or file in advance a motion to excuse his appearance. *See* Fed.R.Civ.P. 16(f) (authorizing the court to impose sanctions if a party fails to appear at a scheduling conference). Plaintiff Zinna advised the court that he had notified Mr. Cook of the Rule 16 scheduling conference by certified mail that was received at Defendant Cook's address. This certified letter was later returned unopened to Mr. Zinna.

On June 13, 2007, I issued an Order to Show Cause (doc. # 30) why a default judgment or other sanctions should not be imposed against Defendant Cook for failure to comply with this court's order and the Federal Rules of Civil Procedure. After he failed to respond to the Order to Show Cause, I directed the Clerk of Court to enter a default against Defendant Cook pursuant to Fed.R.Civ.P. 16(f), 37(b)(2)(B), and 55(a). In the same Order, I set a status conference in this

case for October 30, 2007.

Mr. Cook appeared at the October 30, 2007 status conference, which prompted the court to set aside the Clerk's entry of default (doc. # 35). The court set a further scheduling conference for November 15, 2007 and directed the parties to submit a proposed scheduling order by November 9, 2007. Mr. Cook did not appear at the scheduling conference on January 4, 2008, at a motions hearing held on March 13, 2008, at the preliminary pretrial conference on April 16, 2008, or at a motions hearing on May 5, 2008. His appearance was not excused for any of those proceedings, however, Plaintiff did not move for sanctions or relief based upon those transgressions.

On April 15, 2008, Defendant Cook filed Combined Motions to Dismiss (doc. # 60). Plaintiff Zinna filed a Response (doc. # 83) on May 5, 2008. On September 29, 2008, this court recommended (doc. # 107) that Defendant Cook's Combined Motions to Dismiss be denied. The district judge entered an Order Adopting and Affirming September 28, 2008 Recommendation (doc. # 118) on November 10, 2008[3].

On April 28, 2008, Plaintiff Zinna filed a Motion for Leave to File Amended Complaint and Joinder (doc. # 70). The proposed Third Amended Complaint, consisting of 28 numbered paragraphs retained Robert Cook as a named defendant, and sought to join as defendants

---

[3]Since November 18, 2008, the court has had no further contact with Defendant Cook. All mail sent to his only known address has been returned as undeliverable and he has not appeared at any hearing set in this case. Defendant Cook has failed to comply with D.C.COLO.LCivR 10.1M, which requires an attorney or *pro se* party to file a notice of new address, e-mail address or telephone number within ten days after any change. As a practical matter, Defendant Cook has receded into the background, as the focus of Plaintiff's efforts has shifted to Messrs. Congrove, Bradley and Cinquanta.

Jefferson County Commissioner James Congrove, Duncan Bradley, Daril Cinquanta, and Sarah Redmond.[4] The proposed Third Amended Complaint continued to allege that Mr. Zinna had been the victim of a conspiracy to intercept, disclose or intentionally use his wire, oral or electronic communications. During a hearing on May 5, 2008, the court indicated that it would take the motion for leave to amend under advisement pending a response from Defendant Cook.

During this same period, Plaintiff Zinna found himself immersed in various discovery disputes. On February 12, 2008, the Jefferson County Sheriff moved to quash (doc. # 43) a subpoena served at Plaintiff Zinna's direction that sought production of an unredacted copy of a portion of a supplemental investigative report prepared in conjunction with a criminal investigation of documents reported missing from the Jefferson County Attorney's Office in May 2005. With the motion to quash, the Jefferson County Sheriff sought to withhold the identity of an individual who apparently assisted Duncan Bradley, who was then an assistant county attorney, in scanning onto a computer disk documents related to Mr. Zinna. Plaintiff contends that these documents were later used by the Moving Defendants to attack his character. *See* Corrected Revised Third Amended Complaint, at ¶ 16. The court heard argument on the Motion to Quash on March 13, 2008, and suggested that Mr. Zinna and the Sheriff resolve their dispute through further consultations. On March 28, 2008, Plaintiff and the Jefferson County Sheriff's Office filed a Stipulated Motion for Protective Order Concerning Confidential Information (doc. # 53).

---

[4]Mr. Zinna currently has another lawsuit pending against Mr. Congrove. *See Zinna v. Congrove*, Civil Action No. 05-cv-01016-RPM. Trial in that case, which asserts violations of Mr. Zinna's constitutional rights, is currently set to begin on November 30, 2009.

Plaintiff filed a Motion to Compel (doc. # 50) deposition testimony in New Mexico from then non-party Duncan Bradley on March 13, 2008. Mr. Zinna had viewed the Bradley deposition as an alternative method for obtaining the name that the Jefferson County Sheriff was attempting to protect through the aforementioned motion to quash. Plaintiff's motion argued that Mr. Bradley had improperly asserted privileges in response to questioning by Mr. Zinna that sought to elicit facts concerning Bradley's involvement in the disappearance of documents from the Jefferson County Attorney's office or the subsequent appearance of those documents on the ColoradoWackoExposed.com website. I addressed this Motion to Compel during a hearing on March 13, 2008, but indicated that I would await a response from Mr. Bradley. On April 16, 2008, the court denied without prejudice Plaintiff's Motion to Compel, after finding that it did not have enforcement authority with respect to a subpoena issued by the Federal District Court for the District of New Mexico. *See* Fed.R.Civ.P. 37(a)(2) (providing that a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken").

On April 18, 2008, non-party Joe Morales, an employee with the Denver District Attorney's Office filed a Motion to Quash Subpoena Duces Tecum (doc. # 64) served at the direction of Mr. Zinna. This subpoena apparently sought documents and information relating to a grand jury investigation conducted by the Denver District Attorney's Office. The Office of the Adams County District Attorney filed a Motion to Quash Subpoena Duces Tecum (doc. # 66) on April 21, 2008. The latter subpoena, issued by Plaintiff Zinna, sought

> (1) all records regarding the persons known as James Congrove, Daril Cinquanta, Robert Cook, Sarah Kathy Redmond, Duncan Bradley, Richard Bland; (2) all records respecting any investigation into any of the following issues: (a) documents stolen from the Jefferson County Attorney's Office in May 2005, (b) the creation and/or copying of a CD-ROM disc in March or April 2006 containing images of documents that had been stolen from the Jefferson County Attorney's

>Office, (c) the website known as www.ColoradoWackoExposed.com, (d) the publication on that website of the contents of email communications intercepted from the internet service of Michael Zinna, (e) any retaliation against Michael Zinna or persons associated with Michael Zinna by the individuals listed herein, (f) any tampering with or intimidation of any witness with information relevant to the investigations listed herein, or (g) any tampering with or destruction of any evidence relevant to the investigation listed herein.[5]

Mr. Zinna responded to these motions on May 1, 2008. At a hearing on May 5, 2008, Plaintiff orally moved to withdraw the challenged subpoenas, thereby mooting the motions filed by Mr. Morales and the Adams County District Attorney's Office.

On August 26, 2008, the court again addressed Mr. Zinna's then-pending Motion for Leave to File Amended Complaint and Joinder (doc. # 70). During that hearing, this court inquired as to any overlap between this action and the claims in *Zinna v. Congrove*, Civil Action No. 05-cv-01016-RPM. I also expressed some concern as to whether the proposed Third Amended Complaint would satisfy the pleading requirements imposed by the Federal Rules of Civil Procedure and the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). At the conclusion of this hearing, I granted Mr. Zinna's oral motion to withdraw his motion for leave to amend and allowed Plaintiff an additional ten days to file a new proposed Third Amended Complaint.

On September 10, 2008, Plaintiff filed a Motion for Leave to File Revised Third Amended Complaint (doc. # 103). The court set a deadline of September 22, 2008 for Defendant Cook to file any objection to the proposed Revised Third Amended Complaint. When that date

---

[5]The Adams County District Attorney, Don Quick, had been appointed Special Prosecutor to determine whether criminal charges should be filed in the wake of an investigation by the Colorado Bureau of Investigation concerning Commissioner Congrove. On January 3, 2008, Mr. Quick declined to proceed after concluding that a criminal violation could not be established beyond a reasonable doubt.

8

passed without a response from Defendant Cook, this court granted Plaintiff's Motion and accepted the Revised Third Amended Complaint for filing as of October 6, 2008.[6] The Revised Third Amended Complaint, consisting of 39 numbered paragraphs, provided significantly more factual detail than the earlier proposed Third Amended Complaint.

Defendants Duncan and Cinquanta have moved to dismiss Mr. Zinna's claims as barred by the applicable statute of limitations. Defendant Congrove has joined those motions.

## ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed.R.Civ.P. 12(b)(6). *See Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) ("a Rule 12(b)(6) motion is addressed to the face of the pleading"). The court must accept the well-pleaded allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). However, to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556. A complaint must set forth sufficient facts to elevate a claim above the level of mere speculation. *Id.*

---

[6]On October 20, 2008, Plaintiff Zinna moved for leave to file a Corrected Revised Third Amended Complaint, in order to correct a typographical error in paragraph 25 of the Revised Third Amended Complaint. This court accepted the Corrected Revised Third Amended Complaint on October 21, 2008, and that remains the operative pleading in this case.

While *pro se* pleadings should be "construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), that standard does not override a *pro se* plaintiff's responsibility to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C.). This court cannot be a *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d at 1110. Just as importantly, the court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not asserted. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A complaint is subject to dismissal for failure to state a claim for relief if the allegations in the complaint show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007). *Cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 352 (1990) ("'[a] complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading,' rendering dismissal appropriate").

> [D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. . . . Further, the plaintiff bears the burden of "plead[ing] circumstances which would indicate why the [cause of action] was not discovered earlier and which would indicate why the statute should be tolled."

*Owner Operator Independent Drivers Association, Inc. v. Comerica Bank*, 540 F. Supp.2d 925, 929 (S.D. Ohio 2008) (internal citations omitted). *See also Walton v. Potter*, 2006 WL 3341187, *1 (N.D. Ill. 2006) ("The statute of limitations issue may be resolved definitively on the face of

the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired. But, '[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.'"). Although statutes of limitation "have long been respected as fundamental to a well-ordered judicial system," *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 487 (1980), motions to dismiss on statute of limitations grounds generally are not favored. *See, e.g., FDIC v. Frates*, 44 F. Supp.2d 1176, 1203 (N.D. Okla. 1999). *Cf. Tolbert v. National Harmony Memorial Park*, 520 F. Supp.2d 209, 211 (D.D.C. 2007) ("[B]ecause statute of limitations issues often depend upon contested questions of fact, 'courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint'").

Under 18 U.S.C. § 2520(e), a civil action seeking damages for the unlawful interception, disclosure, or use of electronic communications "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." "The statute bars a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts." *Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425, 429 (D.C. Cir. 2003). The limitations period established in 28 U.S.C. § 2520(e) begins "when the claimant has a reasonable opportunity to discover the violation, not when [he] discovers the true identity of the violator or all of the violators." *See, e.g., Messier v. Devine*, 2009 WL 1321685, *3 (S.D. Fla. 2009), citing *Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990).

Citing this line of cases, the Moving Defendants argue that the Corrected Revised Third Amended Complaint clearly identifies the event that triggered the limitations period in this case.

Mr. Zinna alleges that during the day of June 14, 2006, he sent various e-mail communications to friends and business associates. *See* Corrected Revised Third Amended Complaint, at ¶ 20. The operative pleading goes on to state that

> 21.     During the day of June 14, 2006, witnesses identified a man sitting in a vehicle outside the home of Plaintiff, operating an array of electronic equipment, during the period Plaintiff was transmitting and receiving e-mails at his home.
>
> 22.     On the evening of June 14, 2006, the e-mail senders' addresses, e-mail recipients' addresses and specific contents of the e-mails Plaintiff transmitted to and received from his friends and business associates were posted on the website "www.ColoradoWackoExposed.com."

*Id.* at ¶¶ 21 and 22.[7] From these allegations, the Moving Defendants conclude that as of June 14, 2006, Mr. Zinna had sufficient facts to put him on notice that a wrong had been committed by another party's conduct and thus trigger his rights under 18 U.S.C. § 2520. Under this theory, Plaintiff was required to bring his claims against the Moving Defendants on or before June 14, 2008. As the Revised Third Amended Complaint was not tendered to the court until September 10, 2008, the Moving Defendants conclude that Mr. Zinna's claims are time-barred.

The Moving Defendants' motions to dismiss arguably rely on an narrow interpretation of the Corrected Revised Third Amended Complaint and the pertinent case law. Plaintiff Zinna contends that factual allegations in the Corrected Revised Third Amended Complaint suggest that the Defendants engaged in continuous illegal conduct. *See* Supplemental Brief of Pro Se Plaintiff, at 8. Section 2520 provides a civil remedy for a person whose wire, oral or electronic communication is "intercepted, disclosed *or intentionally used*." *Cf. Fields v. Atchison, Topeka*,

---

[7]These very same allegations were set forth in Mr. Zinna's original Complaint filed on September 1, 2006.

*and Santa Fe Railway Co.*, 985 F. Supp. 1308, 1314 (D. Kan. 1997) ("the federal wiretap statute is directed against conduct of intercepting private wire conversations, disclosing those conversations to others, or using those conversations for some purpose"), *opinion withdrawn in part on reconsideration on other grounds*, 5 F. Supp. 2d 1160 (D. Kan. 1998).  *Cf. Thompson v. Dulaney*, 838 F. Supp. 1535, 1547 (D. Utah 1993) (for purposes of the federal wiretap statute, "[u]se or disclosure liability is disjunctive; liability attaches for one or the other, and while proof of both use and disclosure is sufficient, it is certainly not necessary").  As one court noted, a separate violation of 18 U.S.C. § 2511 occurs each time a person discloses illegally intercepted communications to "any other person" and "[u]nder § 2520, therefore, plaintiff may file a civil action to recover for each violation."  *Fields v. Atchison, Topeka, and Santa Fe Railway Co.*, 985 F. Supp. at 1314.

The "continuing violation" doctrine arguably applies when the very nature of the injury at issue involves repeated conduct rather than discrete acts.  *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).  *Cf. DirecTV, Inc. v. Bunnapradist*, 2004 WL 5642008, *10 (C.D. Cal. 2004) (concluding that defendant's repeated use of a device that unlawfully intercepted DirecTV satellite signals resulted in a continuing injury).

> [I]n order to proceed under the continuing violation doctrine, a plaintiff must establish both: (1) "that 'the last act evidencing the continuing practice falls within the limitations period'; and (2) that the 'defendant's conduct is more than the occurrence of isolated or sporadic acts.'"

*DirecTV, Inc. v. Rodkey*, 369 F. Supp.2d 587, 605 (W.D. Pa. 2005) (recognizing that "the discovery rule and the continuing violation doctrine may be applied simultaneously, and they are not inconsistent with each other").

In this case, Mr. Zinna is alleging that the Defendants acted in a conspiracy "during the

13

Spring and Summer of 2006" by "intercepting, disclosing or intentionally using" Plaintiff Zinna's wire, oral or electronic communications. *See* Corrected Revised Third Amended Complaint, at ¶ 34. Plaintiff also avers that the Defendants "directed third parties" to view the illegally intercepted information on the ColoradoWackoExposed website and conspired to "use the proceeds of the unlawful intercepts of Plaintiff's emails by posting the material on the website." *Id.* at ¶ 23.

> 24. At the time that the unlawfully intercepted information from the confidential emails of Plaintiff were available for view on the Colorado Wacko Exposed website, readers of that website were requested to remit money to www.ColoradoWackoExposed.com for the services rendered by the organization – that being the interception and disclosure of Plaintiff's emails and other wire and oral communication and other private and defamatory information. Upon information and belief, Plaintiff alleges that this solicitation for money would personally benefit all the Defendants individually, as well and their individual and collective interest in furthering the illegal conspiracy.
>
> \* \* \*
>
> 26. At various times, Defendant CINQUANTA told others that they should view the Colorado Wacko Exposed website to learn about Plaintiff.
>
> 27. Defendant CINQUANTA also told others that he and Commissioner CONGROVE were using the website and the packages of hard-copy materials from the website to punish Plaintiff.

*Id.* at ¶¶ 24, and 26-27.

At this stage of the proceedings, the court cannot speculate as to whether evidence will show that Defendants committed an isolated violation or continuous illegal conduct. In making that determination, the following factors may be relevant: (1) whether Defendants' conduct constituted the same type of violation; (2) whether the acts were recurring or more in the nature of isolated incidents; and (3) whether the acts had a degree of permanence which should have triggered Plaintiff's awareness of and duty to assert his rights and whether the consequences of

Defendants' conduct would continue. *Cf. Lewis v. Oklahoma ex rel. Board of Regents*, 42 Fed. Appx. 160, 165 (10th Cir. 2002). After drawing all reasonable inferences in favor of Plaintiff, as the court must, I conclude that the Corrected Revised Third Amended Complaint alleges the continued use of the electronic communications first intercepted on June 14, 2006. The factual record has not been developed on the manner in which, on how many occasions, or for how long the Moving Defendants used Mr. Zinna's intercepted information. *Cf. Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (holding that the trial court improperly dismissed a complaint based upon a statute of limitations defense that was neither patently clear from the complaint nor rooted in adequately developed facts).

Moreover, the court notes that "[i]n determining when an action has accrued under a discovery-based statute of limitations, '[t]he question of when [the alleged wrongdoing] was or should have been discovered is a question of fact.'" *DirectTV, Inc. v. Garza*, 2005 WL 2269053, *6 (E.D. Wash. 2005). In this case, I find that the Corrected Revised Amended Complaint does not establish with certainty the point in time when Mr. Zinna "first [had] a *reasonable opportunity* to discover the violation" alleged in this case. The court is mindful of cases holding that a victim need not know the identity of the actual perpetrators of the illegal wiretapping to trigger the running of the statute of limitations. *See, e.g., Sparshott v. Feld Entertainment, Inc.*, 311 F.3d at 430. Plaintiff has consistently alleged that the ColoradoWackoExposed website provided a forum for Defendants' illicit use of Mr. Zinna's intercepted communications. There is some evidence to suggest that Mr. Zinna did not identify the actual person holding the domain name registration for ColoradoWackoExposed.com until October 2006. *See* Plaintiff's Response to Defendants Cinquanta's Motion to Dismiss (doc. # 175), at 4 and Exhibit 1 attached thereto.

Courts have acknowledged that anonymity is a particularly important component of internet speech.  *See, e.g., Doe I v. Individuals*, 561 F. Supp.2d 249, 254 (D. Conn. 2008); *American Booksellers Foundation for Free Expression v. Strickland*, 512 F. Supp.2d 1082, 1087 (S.D. Ohio 2007), *question certified by* 560 F.3d 443 (6th Cir. 2009).  *Cf. DirecTV, Inc. v. Bunnapradist*, 2004 WL 5642008, *9 (C.D. Cal. 2004) (suggesting that application of the "reasonable opportunity to discover" standard in 28 U.S.C. § 2520(e) may be complicated where the violation is "facilitated by the largely anonymous medium of the Internet").  The facts concerning Mr. Zinna's ability and efforts to reasonably discover Defendants' unauthorized interception and subsequent use of his electronic communications has not been developed to a sufficient extent to allow this court to determine in the context of a motion to dismiss when Plaintiff's cause of action accrued.

## CONCLUSION

Accordingly, for the foregoing reasons, the court recommends that Defendant Bradley's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. # 142) and Defendant Cinquanta's Motion to Dismiss with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. # 165) be DENIED.  At this time, I cannot conclude from the face of the Corrected Revised Third Amended Complaint that Plaintiff's claim against the Moving Defendants is conclusively time-barred.  *See DePippo v. Chertoff,* 453 F. Supp.2d 30, 33 (D.C. Cir. 2006) (holding that a court may dismiss a claim on statute of limitations grounds only if "'no reasonable person could disagree on the date' on which the cause of action accrued"); *Whalen v. Wiley*, 2007 WL 2154184, *4 (D. Colo.) ("Because the statute of limitations defense is not patently clear from the face of the Complaint or based on adequately developed facts, the court is unable to determine on a motion to dismiss

that [Plaintiff's] claims are barred by the statute of limitations.'"), *report accepted by* 2007 WL 2412797 (D. Colo. 2007).  In making this Recommendation, the court offers no opinion as to the ultimate merits of Mr. Zinna's claim or the Moving Defendants' statute of limitations defense.[8]  Resolution of those issues will be found through summary judgment or at trial.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

---

[8]The court also has no reason to address the applicability of Fed.R.Civ.P. 15(c) or principles of equitable tolling.

does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 19th day of June, 2009.

BY THE COURT:

  *s/Craig B. Shaffer*
United States Magistrate Judge