### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 06-cv-01733-CMA-CBS

MICHAEL L. ZINNA,

    Plaintiff,

v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the internet domain and website known as www.ColoradoWackoExposed.com,
JAMES CONGROVE, and
DUNCAN BRADLEY,

    Defendants.

---

### ORDER ADOPTING AND AFFIRMING JUNE 19, 2009 RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the June 19, 2009 recommendation by the Magistrate Judge that Defendant Bradley's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. # 142) and Defendant Cinquanta's Motion to Dismiss with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. # 165) be denied. Defendant Bradley ("Defendant") has objected to this recommendation. In light of the objections, the Court has conducted the requisite de novo review of the issues, the recommendation, and Bradley's objections. For the reasons stated below, the Court ADOPTS and AFFIRMS the Magistrate Judge's recommendation.[1]

---

[1] On June 30, 2009, the Court granted a stipulation dismissing Defendant Cinquanta from the case. (Doc. # 209.) Thus, Defendant Cinquanta's motion to dismiss (Doc. # 165) is denied as moot.

The Court will not recite the factual and procedural background. It is detailed in the Magistrate Judge's recommendation, which the Court incorporates herein. (*See* Doc. # 206 at 2-9.)

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if filed within 10 days of the Magistrate Judge's recommendation and specific enough to enable "the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Plaintiff is proceeding pro se and the Court is mindful that a pro se plaintiff is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the Plaintiff's pleadings broadly does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

In reviewing a motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The complaint will not be dismissed so long as it "contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Schneider*, 493 F.3d at 1177 (emphasis in original).

## II. ANALYSIS

Plaintiff is suing Defendant Bradley under 18 U.S.C. §§ 2511 and 2520(a) for allegedly conspiring to intercept, disclose, or intentionally use Plaintiff's wire, oral, or electronic communications and for allegedly posting those communications on an internet website known as "Colorado Wacko Exposed." (Doc. # 110 at 1, 2.)

Bradley argues that Plaintiff's Revised Third Amended Complaint is tardy and should be dismissed under the applicable statute of limitations, which provides that "a civil action may not be commenced later than two years after the date upon which the

[he] first [had] a *reasonable opportunity* to discover the violation." 18 U.S.C. § 2520(e) (emphasis added).

Plaintiff alleges that "[d]uring the day of June 14, 2006, witnesses identified a man sitting in a vehicle outside the home of Plaintiff, operating an array of electronic equipment . . ." Later that same day, Plaintiff alleges that "contents of the e-mails Plaintiff transmitted [earlier in the day] were posted on the website 'www.ColoradoWackoExposed.com.'"

Based on these allegations, Bradley cites June 14, 2006, as the operative date triggering the accrual period. The Magistrate Judge, however, found that Plaintiff's complaint alleged a "continued use" of the electronic communications first intercepted on June 14, 2006, citing Plaintiff's allegations that "Defendants acted in a conspiracy during the Spring and Summer of 2006 . . ." and that "Defendants directed third parties to view the illegally intercepted information." The Magistrate Judge thus concluded that "[a]t this stage of the proceedings, the court cannot speculate as to whether evidence will show that [Bradley's] committed an isolated violation or continuous illegal conduct." (Doc. # 206 at 13, 14.)

Because of this lack of evidence, the Magistrate Judge further concluded that "the facts concerning [Plaintiff's] ability and efforts to reasonably discover [Bradley's] unauthorized interception and subsequent use of his electronic communications has not been developed to a sufficient extent to allow this court to determine in the context of a motion to dismiss when Plaintiff's cause of action accrued." The Magistrate Judge recommended denying Bradley's motion to dismiss. He added, however, that "the court

4

offers no opinion as to the ultimate merits of [Plaintiff's] claim or [Bradley's] statute of limitations defense." (Doc. # 206 at 16, 17.)

The Court, after having conducted a de novo review, agrees with the Magistrate Judge that the Corrected Revised Amended Complaint does not establish with certainty the period when Plaintiff "first [had] a reasonable opportunity to discover the violation[s]" alleged in this case. With more time, Plaintiff should be able to develop and discover evidence that allows this Court to determine when Plaintiff's cause of action accrued. Resolution of those issues will be found through summary judgment or at trial.

But given the procedural posture, and Plaintiff's pro se status, each of which mandate a liberal reading of Plaintiff's pleadings, the Court cannot conclude from the face of the Corrected Revised Third Amended Complaint that Plaintiff's claim against Bradley is conclusively time-barred. *See DePippo v. Chertoff*, 453 F.Supp.2d 30, 33 (D.C. Cir. 2006) (holding that a court may dismiss a claim on statute of limitations grounds only if "no reasonable person could disagree on the date on which the cause of action accrued."); *Whalen v. Wiley*, 2007 WL 2154184, *4 (D. Colo.) ("Because the statute of limitations defense is not patently clear from the face of the Complaint or based on adequately developed facts, the court is unable to determine on a motion to dismiss that [Plaintiff's] claims are barred by the statute of limitations.'"), *report accepted* by 2007 WL 24121797 (D. Colo. 2007).

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. Defendant Bradley's objections (Doc. # 210), filed June 30, 2009, are OVERRULED;

5

2. The Recommendation of the United States Magistrate Judge (Doc. # 206), filed June 19, 2009, is APPROVED AND ADOPTED as an Order of this Court;

3. Defendant Bradley's Motion to Dismiss (Doc. # 142) is DENIED; and

4. Defendant Cinquanta's Motion to Dismiss (Doc. # 165) is DENIED as moot.

DATED: September   29  , 2009

BY THE COURT:

_[signature: Christine M. Arguello]_

_____
CHRISTINE M. ARGUELLO
United States District Judge

6