IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01733-CMA-CBS

MICHAEL L. ZINNA,
        Plaintiff,
v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the internet domain and
website known as www.ColoradoWackoExposed.com.,
JAMES CONGROVE, and
DUNCAN BRADLEY,
        Defendants.

---

## RECOMMENDATION OF MAGISTRATE JUDGE REGARDING
## PENDING MOTIONS FOR SUMMARY JUDGMENT

---

Magistrate Judge Shaffer

        THIS MATTER comes before the court on Defendant Duncan Bradley's Motion for

Partial Summary Judgment (doc. # 274) and his Motion for Summary Judgment Regarding the

Statute of Limitations (doc. # 275), both filed on December 21, 2009.  Also before the court is

Defendant James Congrove's Motion for Summary Judgment (doc. # 280), filed on December

21, 2009.[1]  *Pro se* Plaintiff Michael Zinna filed his Consolidated Response to Defendants'

Motions for Summary Judgment (doc. # 297) on January 29, 2010.  Bradley and Congrove filed

their reply briefs (docs. ## 302, 303 and 305) on February 12 and 22, 2009, respectively.  The

court held a hearing on the instant motions on February 12, 2010.

---

[1]Defendants Congrove and Bradley have separately moved (doc. ## 278 and 283) to join
the motions for summary judgment filed by their co-defendant.  For convenience, this
Recommendation refers to Messrs. Congrove and Bradley collectively as the "Moving
Defendants."

With a General Order of Reference (doc. # 2) dated September 7, 2006, this matter was referred to the Magistrate Judge "to hear and determine any pretrial matter which has been or will be presented in this case" and to submit "proposed recommendations for [the district court's] disposition of any motion" to dismiss or for summary judgment. I have carefully reviewed the subject motions, related briefing and the court's entire file, and have considered the arguments presented during the February 12, 2010 hearing, as well as the applicable Federal Rules of Civil Procedure and pertinent case law. For the following reasons, I recommend that Defendant Congrove's motion be granted and that judgment enter in favor of Defendants Bradley and Congrove.

## BACKGROUND

Michael Zinna initiated this lawsuit on September 1, 2006, by filing a Complaint against ColoradoWackoExposed.com and Does 1-20. The original Complaint asserted a single claim for relief under 18 U.S.C. § 2520(a) based upon the defendants' alleged interception, disclosure or intentional use of Mr. Zinna's wire, oral or electronic communications. According to Plaintiff, his electronic communications were intercepted or otherwise taken and later posted on an internet website, ColoradoWackoExposed.com. The Complaint alleged that the readers of this website "were then encouraged to remit money to ColoradoWackoExposed.com for the services rendered by way of intercepting, disclosing or intentionally using Plaintiff Zinna's e-mails and other wire and oral communications." *See* Complaint (doc. # 1) at ¶ 10. On December 20, 2006, Plaintiff filed a First Amended Complaint (doc. # 8) which asserted the same claim under 18 U.S.C. § 2520(a), but added *pro se* Defendant Robert Cook.

Mr. Cook failed to appear at a March 27, 2007 status conference set by this court. On

March 30, 2007, Plaintiff filed a Motion for Leave of Court to File Second Amended Complaint (doc. # 20). Defendant Cook apparently failed to respond when Mr. Zinna attempted to comply with D.C.COLO.LCivR 7.1A prior to filing his motion for leave to amend. I accepted Plaintiff's Second Amended Complaint for filing on April 26, 2007 (doc. # 22). The Second Amended Complaint retained Mr. Zinna's claim against Mr. Cook under 18 U.S.C. § 2520(a), but dropped ColoradoWackoExposed.com as a named party. The Second Amended Complaint also alleged that Defendant Cook and the "Doe" defendants "acted in concert and conspiracy" to violate Mr. Zinna's rights by "intercepting, disclosing or intentionally using wire, oral and or electronic communications between Plaintiff ZINNA and other known persons, in violation of 18 U.S.C. § 2520(a)." *See* Second Amended Complaint, at ¶ 16.

On April 15, 2008, Defendant Cook filed Combined Motions to Dismiss (doc. # 60). Plaintiff Zinna filed a Response (doc. # 83) on May 5, 2008. On September 29, 2008, this court recommended (doc. # 107) that Defendant Cook's Combined Motions to Dismiss be denied. The district judge entered an Order Adopting and Affirming September 28, 2008 Recommendation (doc. # 118) on November 10, 2008[2].

On April 28, 2008, Plaintiff Zinna filed a Motion for Leave to File Amended Complaint and Joinder (doc. # 70). The proposed Third Amended Complaint, consisting of 28 numbered

---

[2]After November 18, 2008, the court had no further contact with Defendant Cook. All mail sent to his only known address has been returned as undeliverable and he has not appeared at any hearing set in this case. Defendant Cook has failed to comply with D.C.COLO.LCivR 10.1M, which requires an attorney or *pro se* party to file a notice of new address, e-mail address or telephone number within ten days after any change. As a practical matter, Defendant Cook receded into the background, as the focus of Plaintiff's efforts shifted to Messrs. Congrove, Bradley and Cinquanta.

paragraphs, retained Robert Cook as a named defendant, and sought to join as defendants Jefferson County Commissioner James Congrove, Duncan Bradley, Daril Cinquanta, and Sarah Redmond. The proposed Third Amended Complaint continued to allege that Mr. Zinna had been the victim of a conspiracy to intercept, disclose or intentionally use his wire, oral or electronic communications. During a hearing on May 5, 2008, the court indicated that it would take the motion for leave to amend under advisement pending a response from Defendant Cook.

On August 26, 2008, the court again addressed Mr. Zinna's then-pending Motion for Leave to File Amended Complaint and Joinder (doc. # 70). During that hearing, this court inquired as to any overlap between this action and the claims in *Zinna v. Congrove*, Civil Action No. 05-cv-01016-RPM-MJW. I also expressed some concern as to whether the proposed Third Amended Complaint would satisfy the pleading requirements imposed by the Federal Rules of Civil Procedure and the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). At the conclusion of this hearing, I granted Mr. Zinna's oral motion to withdraw his motion for leave to amend and allowed Plaintiff an additional ten days to file a new proposed Third Amended Complaint.

On September 10, 2008, Plaintiff filed a Motion for Leave to File Revised Third Amended Complaint (doc. # 103), which asserted a single claim under 18 U.S.C. § 2520(a) and named as defendants Robert Cook, James Congrove, Duncan Bradley and Daril Cinquanta. The court set a deadline of September 22, 2008 for Defendant Cook to file any objection to the proposed Revised Third Amended Complaint. When that date passed without a response from Defendant Cook, this court granted Plaintiff's Motion and accepted the Revised Third Amended

Complaint for filing as of October 6, 2008.[3]  The Revised Third Amended Complaint, consisting

of 39 numbered paragraphs, provided significantly more factual detail than the earlier proposed

Third Amended Complaint.

On December 19, 2008, Defendant Bradley moved to dismiss (doc. # 142) pursuant to

Fed. R. Civ. P. 12(b)(6), claiming that Plaintiff's claim was barred by the applicable statute of

limitations.[4]  In a Recommendation (doc. # 206) dated June 19, 2009, this court recommended

that Defendant Bradley's motion to dismiss be denied.  After drawing all reasonable inferences

in favor of Plaintiff, I concluded that the Corrected Revised Third Amended Complaint alleged

the continued use of the electronic communications first intercepted on June 14, 2006.  I further

found that the factual record had not been developed on the manner in which, on how many

occasions, or for how long the Moving Defendants used Mr. Zinna's intercepted information.

*Cf. Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (holding that the trial court improperly

dismissed a complaint based upon a statute of limitations defense that was neither patently clear

from the complaint nor rooted in adequately developed facts).  This court also held that the facts

concerning Mr. Zinna's ability and efforts to reasonably discover Defendants' unauthorized

interception and subsequent use of his electronic communications had not been developed to a

---

[3]On October 20, 2008, Plaintiff Zinna moved for leave to file a Corrected Revised Third Amended Complaint, in order to correct a typographical error in paragraph 25 of the Revised Third Amended Complaint.  This court accepted the Corrected Revised Third Amended Complaint on October 21, 2008 (doc. # 111), and that remains the operative pleading in this case.

[4]Defendant Cinquanta filed a separate Motion to Dismiss (doc. # 165) on January 22, 2009.  Briefing on the motions filed by Bradley and Cinquanta was completed by April 17, 2009. Defendant Cinquanta was dismissed from this action by stipulation of the parties on June 26, 2009.

sufficient extent to allow this court to determine in the context of a motion to dismiss when Plaintiff's cause of action accrued. I concluded my Recommendation by declining to express any opinion as to the ultimate merits of Mr. Zinna's claim or the Moving Defendants' statute of limitations defense.

Defendants Congrove and Bradley have now moved for summary judgment. Defendant Bradley's first motion (doc. # 274) argues that Mr. Zinna's recovery is limited to $10,000 in statutory penalties under 18 U.S.C. § 2520(c). In his second motion, Defendant Bradley renews his argument that Plaintiff's claim is barred by the statute of limitations. Defendant Congrove's motion for summary judgment addresses both the statute of limitations defense and Mr. Zinna's perceived failure to present evidence sufficient to establish a prima facie claim for relief under 18 U.S.C. § 2520(a).

## ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). *See also Devery Implement Company v. J.I. Case Company,* 944 F.2d 724, 726 (10th Cir. 1991); *Ash Creek Mining Co. v. Lujan,* 934 F.2d 240, 242 (10th Cir. 1991). The moving party bears the initial burden of showing there are no issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir. 1991). The movant is not required to negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. at 325; *John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 503 (10th Cir. 1994);

*Universal Money Ctrs., Inc. v. American Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994). If the movant meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. *See* Fed. R. Civ. P. 56(e). *See also Celotex Corp. v. Catrett,* 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The court must construe the factual record and draw reasonable inferences therefrom in the light most favorable to the non-moving party. *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 851 (10th Cir. 1996). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 242, 248, and 251-52 (noting that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude . . . summary judgment"). Evidence that is not significantly probative and immaterial factual disputes will not defeat a motion for summary judgment. *Ayon v. Gourley*, 47 F. Supp.2d 1246, 1252 (D. Colo.1998). *Cf. Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1130 (10th Cir. 2009) (noting that "[a] plaintiff 'cannot avoid summary judgment merely by presenting a scintilla of evidence to support her claim'"). The demonstration of "some metaphysical doubt as to the material facts" is not sufficient to establish a genuine issue of material fact. *Foreman v. Richmond Police Department*, 104 F.3d 950, 957 (7th Cir. 1997).

*A.    The Statute of Limitations*

Defendants Bradley and Congrove have moved for summary judgment, arguing that Mr. Zinna's claim is barred by the statute of limitations.  As noted in my June 19, 2009 Recommendation (doc. # 206), a civil action under 18 U.S.C. § 2520(a) "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."  *See* 18 U.S.C. § 2520(e).  "In other words, the statute bars a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts."  *Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425, 429 (D.C. Cir. 2003).  The limitations period established in 28 U.S.C. § 2520(e) begins "when the claimant has a reasonable opportunity to discover the violation, not when [he] discovers the true identity of the violator or all of the violators."  *See, e.g., Messier v. Devine*, 2009 WL 1321685, *3 (S.D. Fla. 2009), citing *Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990).

It is also well-established that where a defendant moves for summary judgment based upon the applicable statute of limitations, the court may grant that motion "only if the evidence presented, viewed in the light most favorable to Plaintiff, does not reveal any genuine issue of material fact concerning the accrual of Plaintiff's cause of action."  *Miller v. Armstrong World Industries, Inc.*, 949 F.2d 1088, 1090 (10th Cir. 1991).  *Cf. Hallgren v. United States Department of Energy*, 331 F.3d 588, 589 (8th Cir. 2003) (whether a claim is time-barred is a question of law that may be decided on summary judgment where there are no genuine issues of material fact in dispute); *Overall v. Klotz*, 846 F. Supp. 297, 299 (S.D.N.Y. 1994) ("[s]ummary judgment on the basis of the expiration of a statute of limitation . . . is appropriate where the plaintiff fails to show

the existence of any genuine issue of fact relating to the statute of limitations defense"); *Avery v. Mapco Gas Products, Inc.*, 848 F. Supp. 1388, 1393 (N.D. Ind. 1991) ("[a]lthough the question of when a cause of action accrues is generally one for the jury, when a defendant requests summary judgment on the basis of a statute of limitations, the plaintiff must present facts raising a genuine issue in order to avoid the statute of limitations").

In this case, Plaintiff specifically alleges that on June 14, 2006, he sent various e-mail communications to friends and business associates. *See* Corrected Revised Third Amended Complaint, at ¶ 20. The operative pleading further states that

> 21. During the day of June 14, 2006, witnesses identified a man sitting in a vehicle outside the home of Plaintiff, operating an array of electronic equipment, during the period Plaintiff was transmitting and receiving e-mails at his home.

> 22. On the evening of June 14, 2006, the e-mail senders' addresses, e-mail recipients' addresses and specific contents of the e-mails Plaintiff transmitted to and received from his friends and business associates were posted on the website "www.ColoradoWackoExposed.com."

*Id.* at ¶¶ 21 and 22. Defendant Bradley further asserts, without contradiction by Plaintiff, that on June 15, 2006, Mr. Zinna was on notice that his emails had been intercepted. *See* Defendant Bradley's Motion for Summary Judgment Regarding the Statute of Limitations (doc. # 275), at 4 and Exhibit B attached thereto. Based upon the foregoing allegations and undisputed facts, Defendants Congrove and Bradley argue that Plaintiff was required to bring his claims on or before June 15, 2008. As the Revised Third Amended Complaint was not tendered to the court until September 10, 2008, the Moving Defendants conclude that Mr. Zinna's claims are time-barred.

Confronted with the foregoing undisputed facts, Mr. Zinna first argues that the Corrected

Revised Third Amended Complaint alleges that the Defendants engaged in continuous illegal conduct. In support of this theory, Plaintiff cites my earlier Recommendation, which observed that

> The "continuing violation" doctrine arguably applies when the very nature of the injury at issue involves repeated conduct rather than discrete acts. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). *Cf. DirecTV, Inc. v. Bunnapradist*, 2004 WL 5642008, *10 (C.D. Cal. 2004) (concluding that defendant's repeated use of a device that unlawfully intercepted DirecTV satellite signals resulted in a continuing injury).
>
> > [I]n order to proceed under the continuing violation doctrine, a plaintiff must establish both: (1) "that 'the last act evidencing the continuing practice falls within the limitations period'; and (2) that the 'defendant's conduct is more than the occurrence of isolated or sporadic acts.'"
>
> *DirecTV, Inc. v. Rodkey*, 369 F. Supp.2d 587, 605 (W.D. Pa. 2005) (recognizing that "the discovery rule and the continuing violation doctrine may be applied simultaneously, and they are not inconsistent with each other").

*See* Recommendation of Magistrate Judge Regarding Pending Motions to Dismiss, at 13-14. Although the Moving Defendants hold steadfast to their view that the "continuing violation" doctrine has no applicability to a claim brought under § 2520(a), I am not required to resolve that legal issue given the facts in this case.

In support of his "continuing violation" theory, Plaintiff argues that he "was finally able to put a stop to the brazen disclosure and intentional use of the illegally obtained emails in November 2006." *See* Plaintiff's Consolidated Response, at 9. Mr. Zinna also contends that "[t]he acts perpetrated by the Defendants were not merely isolated or sporadic, but a continuing practice whose last act falls within the limitations period." *Id.* at 8. Yet the evidence proffered with Plaintiff's Consolidated Response does not support these sweeping assertions. Without question, Mr. Zinna has presented evidence tending to show that the ColoradoWackoExposed

website was registered by Robert Cook on or about April 10, 2006. *See* Exhibit 11 attached to Plaintiff's Consolidated Response. There is also evidence to suggest that Defendant Congrove was aware that the ColoradoWackoExposed website was operational and targeting Mr. Zinna. *See* Exhibits 2, 4, 5 and 7, attached to Plaintiff's Consolidated Response. For purposes of the instant motion, I will also presume that ColoradoWackoExposed.com continued to function until November 17, 2006. *See* Exhibit 1, attached to Plaintiff's Consolidated Response. Finally, there is some evidence to suggest that information corresponding to emails sent by Mr. Zinna appeared on the ColoradoWackoExposed website on June 14, 2006, along with a request for "contributions . . . in appreciation for our effort in communicating public information to" the viewer. *See* Exhibit 15, attached to Plaintiff's Consolidated Response.

However, notwithstanding the sweeping assertions in his Consolidated Response, Mr. Zinna has not come forward with any evidence showing that intercepted electronic communications were used or disclosed by the Moving Defendants or appeared on the ColoradoWackoExposed website after June 15, 2006. As I indicated on June 19, 2009, the "continuing violation" doctrine, at a minimum, requires proof that the "defendant's conduct is more than the occurrence of isolated or sporadic acts." In that respect, Plaintiff has failed to present a genuine issue of material fact. I find no factual basis to apply the "continuing violation" doctrine in this case.

As an alternative basis for rejecting the Moving Defendants' limitations defense, Mr. Zinna invokes the doctrine of equitable tolling, previously asserted in his Response to Defendant Bradley's Motion to Dismiss (doc. # 156) and Supplemental Brief of Pro Se Plaintiff regarding Defendants' Motions to Dismiss on Statute of Limitations Grounds (doc. # 199). The Tenth

Circuit has held that equitable tolling should be reserved for those "rare and exceptional circumstances" where the plaintiff has pursued his rights diligently and some extraordinary circumstance has stood in his way. *See Moreno-Montano v. Jacquert*, 2010 WL 1685863, *2 (10th Cir. 2010).

I find that equitable tolling is properly asserted under the particular circumstances of this case. While this court may not have understood many of Mr. Zinna's litigation decisions, no one could reasonably dispute his persistence in pursuing this action. The Moving Defendants also cannot dispute that Mr. Zinna sought to join them in this action by filing his Motion for Leave to File Amended Complaint and Joinder (doc. # 70) on April 28, 2008, almost two months before the statute of limitations ran on June 15, 2008. I took Plaintiff's motion to amend under advisement on May 5, 2008, but then failed to address the issue again until August 26, 2008. This court was confronted with a similar situation when Mr. Zinna filed his Motion for Leave of Court to File Second Amended Complaint (doc. # 20) on March 30, 2007. After Defendant Cook failed to file a timely opposition, I granted the unopposed motion to amend on April 26, 2007. I should have followed that same procedure in deciding Mr. Zinna's April 28, 2008 motion. That course of action would have preserved Plaintiff's cause of action against Defendants Congrove and Bradley without prejudicing their right to defend on the merits.

Put simply, this court was remiss in not deciding Mr. Zinna's motion on a timely basis. *Cf. Prince v. Stewart*, 580 F.3d 571, 575 (7th Cir. 2009) (finding that "equitable tolling is properly invoked in any case in which 'the court has led the plaintiff to believe she had done everything required of her' or has 'misled a party regarding the steps the party needs to take to preserve a claim'"); *Riddle v. Kemna*, 523 F.3d 850, 858 (8th Cir. 2008) (a plaintiff "may receive

the benefit of equitable tolling if he can establish that a court's conduct 'lulled the movant into inaction through reliance on that conduct'"); *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) ("Equitable tolling might be appropriate, for example, where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts.'").  While Plaintiff certainly could have moved for an expedited ruling, I will not abdicate responsibility for managing my own docket.

For the foregoing reasons, I recommend that the district court deny Defendant Bradley's Motion for Summary Judgment Regarding the Statute of Limitations (doc. # 275), and Defendant Congrove's Motion for Summary Judgment (doc. # 280), to the extent it asserts Plaintiff's claim is barred by the statute of limitations.

B.      *Proof of the Alleged Violation of 18 U.S.C. § 2520(a)*

Mr. Zinna contends that his single claim for relief under § 2520(a) describes "a conspiracy to use and publish the proceeds of a wiretap" and seeks relief "based upon the Defendants' alleged conspiracy to intentionally use and disclose Plaintiff Zinna's electronic communications."  *See* Plaintiff's Consolidated Response (doc. # 297), at 3.  Although Mr. Zinna has not specifically alleged that any of the named defendants personally "intercepted" his electronic communications, he insists that his claim may proceed "irrespective of who actually committed the wiretap."  *Id.* at 4.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq*., prohibits a person from intentionally disclosing or using, or endeavoring to disclose or use, "the contents of any

wire, oral, or electronic communication, knowing or having reason to know that the information

was obtained through the interception of a wire, oral, or electronic communication in violation of

this subsection." *See* 18 U.S.C. § 2511(1)(c) and (d).  While a violation of § 2511(1) is

punishable as a crime, the perpetrator may be liable for civil damages in an action brought under

18 U.S.C. § 2520(a), which specifically provides that

> [A]ny person whose wire, oral, or electronic communication is intercepted,
> disclosed or intentionally used in violation of this chapter may in a civil action
> recover from the person or entity, . . . which engaged in that violation such relief
> as may be appropriate.

In this case, order to recover under § 2520(a), Mr. Zinna must prove by a preponderance

of the evidence that (1) his wire, oral or electronic communications; (2) were disclosed or

intentionally used in violation of 18 U.S.C. § 2511(1); (3) by the defendants he wishes to hold

accountable for engaging in that violation.  The Tenth Circuit has held that, unlike a situation

involving the interception of electronic communications, liability premised on " use" or

"disclosure "under § 2511(1)(c) or (d) "requires more."

> The use or disclosure must still be intentional, but in addition, a plaintiff must
> show that a defendant "know[s] or ha[s] reason to know that the information was
> obtained through the interception of a wire, oral, or electronic communication in
> violation of this subsection."  This language, found in each of subsections (c) and
> (d) , compels the conclusion that, to establish liability under one of these sections,
> a plaintiff must demonstrate a greater degree of knowledge on the part of a
> defendant.  The defendant must know 1) the information used or disclosed came
> from an intercepted communication, and 2) sufficient facts concerning the
> circumstances of the interception such that the defendant could, with presumed
> knowledge of the law, determine that the interception was prohibited in light of
> Title III.

*Thompson v. Dulaney*, 970 F.2d 744, 749 (10th Cir. 1992) ("to establish use and disclosure

liability under Title III, a defendant must be shown to have been aware of the factual

circumstances that would violate the statute").  *See also Enockson v. State of Iowa Third Judicial*

*District Juvenile Court Services*, 1999 WL 33656965, *10 (N.D. Iowa 1999) (in order to establish a "using" or "disclosing" claim under §2520(a), "plaintiff must prove both intentional conduct and that defendants knew or had reason to know that the underlying interception was illegal").

The Moving Defendants argue they are entitled to summary judgment because Mr. Zinna cannot prove the essential elements of his *prima facie* case. More specifically, the Moving Defendants contend that Plaintiff has not come forward with evidence to prove his emails actually were unlawfully intercepted or that Defendants Congrove or Bradley personally used or disclosed information obtained through the interception of electronic communications in violation of § 2511(c) and (d). *Cf. Backlund v. Gates Corp.*, 62 F.3d 1428 * 1 (10th Cir. 1987) (Table) ("[S]hould a non-moving party not make a sufficient showing on any essential element of his case, all other facts are rendered immaterial, and summary judgment is appropriate") (quoting *Doheny v. Wexpro Co.*, 974 F.2d 130, 133 (10th Cir. 1992)).

The weight of judicial precedent holds that an "interception" under the Electronic Communications Privacy Act requires acquisition of a communication contemporaneous with transmission. *See, e.g., Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). *See also Fraser v. Nationwide Mutual Insurance Co.*, 352 F.3d 107, 113 (3rd Cir. 2003) (noting that "[e]very circuit court to have considered the matter has held that an 'intercept' under the ECPA must occur contemporaneously with transmission"). In his Consolidated Response, Mr. Zinna argues that "the evidence clearly demonstrates that Plaintiff's emails were intercepted during transmission." *See* Plaintiff's Consolidated Response, at 20. Plaintiff has certainly demonstrated a close similarity between the content of emails he sent or received on June 14,

2006 and materials posed on the ColoradoWackoExposed website on the night of June 14, 2006. *Compare* Exhibits 14 and 15 attached to Plaintiff's Consolidated Response.

However, without providing further evidence, Mr. Zinna merely concludes that "[t]he only way the information from those emails could possibly have appeared on the Colorado Wacko Exposed website is if they were intercepted during transmission when the emails were sent or received." *Id.* As the party bearing the ultimate burden of proof on this issue, Mr. Zinna cannot defeat summary judgment by relying on conclusory allegations or unsupported speculation.[5] *See Trujillo v. PacificCorp*, 524 F.3d 1149, 1160 (10th Cir. 2008) (mere unsupported speculation is not enough to defeat a summary judgment motion). This court is mindful of its obligation to draw all reasonable inferences in favor of Plaintiff, the non-moving party. *Cf. Parrillo v. Commercial Union Insurance Co.*, 85 F.3d 1245, 1250 (7th Cir. 1996) ("In deciding a case on summary judgment, the court is not required to draw every possible inference in favor the non-movant, only all *reasonable* inferences") (emphasis in original). But the law also recognizes that "an inference based on speculation or conjecture does not create a genuine issue of material fact sufficient to defeat summary judgment." *See, e.g., Brown ex rel. Estate of Brown v. Philip Morris, Inc.*, 228 F. Supp. 2d 506, 514 (D.N.J. 2002) (quoting *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 383 n.12 (3rd Cir. 1990)). Mr. Zinna has not presented evidence of an interception that occurred contemporaneously with an electronic transmission.

Building on the assumption that his emails were intercepted in transmission, Mr. Zinna's

---

[5]Mr. Zinna also cannot offer opinions that would not be admissible under Fed. R. Evid. 701. *See Certain Underwiters at Lloyd's London v. Sinkovich*, 232 F.3d 200, 2003 (4th Cir. 2000) (noting that Rule 701 "generally does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness').

Consolidated Response then argues that "private investigator Evan Elliott" is "the person widely suspected of physically implementing the illegal wiretap." *See* Plaintiff's Consolidated Response, at 15. Later in the same Response, Plaintiff insists that the "evidence demonstrates that Evan Elliott is almost certainly the individual who physically perpetrated the wiretap." *Id.* at 22. Unfortunately, the "evidence" actually appended to the Consolidated Response does not substantiate Plaintiff's averments.

Mr. Zinna proffers excerpts from Mr. Elliott's business website which advertises the capability to provide unspecified "Technical Surveillance Counter-Measures." *See* Exhibit 12 attached to Plaintiff's Consolidated Response.[6] Mr. Elliott's now estranged wife testified that her husband had "technical surveillance counter-measures" equipment, but she also conceded that she did not know how that equipment is used or what it does. Ms. Elliott could only say that her husband had "big, stainless steel briefcases full of stuff with wires and things." *See* Exhibit 13 attached to Plaintiff's Consolidated Response. Plaintiff also believes that Mr. Elliott was the wiretapper because he owned a "surveillance car" that "fit the description of the vehicle described by Plaintiff Zinna three years earlier," and because he "fits the physical description given by Plaintiff Zinna of the man operating an array of electronic equipment in a vehicle parked outside Plaintiff Zinna's home on June 14, 2006." *See* Plaintiff's Consolidated Response, at 21.[7] The inference that Mr. Zinna wishes to draw from these "facts" is simply too attenuated

---

[6]According to Mr. Elliott's website, these "Counter-Measures" assist the customer in "detecting and eliminating" devices such as "[h]idden microphones, transmitters, covert surveillance cameras and internal telephone wiretaps."

[7]During his deposition on September 2, 2009, Mr. Zinna described the individual he saw outside his home on June 14, 2006, during the following exchange with Mr. Congrove's counsel:

to demonstrate a genuine issue of material fact as to Mr. Elliott's role as the "suspected wiretapper." *Cf. Kannady v. City of Kiowa*, 590 F.3d 1161,1173 n. 9 (10th Cir. 2010).

Mr. Zinna further contends that in September 2009, Mr. Elliott produced pursuant to subpoena, his "Zinna File" which contained many documents that "matched the documents that were found to be in the possession of Defendant . . . Bradley in early 2006. Those same Elliott-Bradley documents, shortly thereafter appeared on the www.ColoradoWackoExposed.com website in the Spring of 2006." *See* Plaintiff's Consolidated Response, at 16. Notably, Plaintiff's Consolidated Response does not cite to any attached exhibit that supports the latter statements and does not link any materials in Elliott's "Zinna File" to the website posting on June 14, 2006. *Cf. Finizie v. Peake*, 548 F. Supp. 2d 171, 179 (E.D. Pa. 2008) (a party opposing a motion for summary judgment must do more than merely posit the existence of documents supporting its position; rather the non-moving party must actually produce those documents). *See also Wilson v. Greetan*, 571 F. Supp. 2d 948, 952 (W.D. Wis. 2007) (noting that in the context of a motion for summary judgment, a party claiming to have documents that support that party's proposed findings of fact is well advised to submit those documents to the court because

---

Q. How tall was the person in the car?

A. I don't know. He was seated.

Q. And how much did the person in the car weigh, approximately?

A. I would say he was average build; not overweight, not slim. Average build.

*See* Exhibit A, at 283, attached to Defendant Congrove's Motion for Summary Judgment. According to Mr. Zinna, "the photograph of Mr. Elliott on his website matches the description of the gentleman that was seated outside my home." *Id.* at 72. As for the car he saw outside his home on June 14, 2006, Plaintiff testified that it was "a relatively late model . . . [j]ust a basic light-colored sedan, as I recall." *Id.* at 82.

a "party who fails to do this takes the risk that his proposed findings of fact will be disregarded as inadequately supported").

Setting aside the inferential nature of Mr. Zinna's "proof," Defendant Congrove specifically asserts that he does not know Evan Elliott, has never spoken with Mr. Elliott, never requested or directed Mr. Elliott to intercept Plaintiff's emails, has no knowledge of Mr. Elliott intercepting those emails, and "never used any emails or information contained in emails Mr. Zinna claims were intercepted. *See* Declaration of James Congrove, attached as Exhibit C to Defendant Congroves's Motion for Summary Judgment. Defendant Bradley similarly claims that he does not know Evan Elliott and has never had any dealings with Elliott or his company. *See* Affidavit of Duncan Bradley, attached as Exhibit E to Defendant Congrove's Motion for Summary Judgment.[8] *Cf. Lauren W. v. DeFlaminis*, 480 F.3d 259, 272 (3rd Cir. 2007) (in considering a motion for summary judgment, "the court should believe uncontradicted testimony unless it is inherently implausible even if the testimony is that of an interested witness"). Plaintiff has not come forward with specific facts that would challenge these assertions.

Mr. Zinna attempts to refute the defendants' affidavits by arguing that "a connection does exist between Defendant Congrove and suspected wiretapper Evan Elliott – by way of the direct connection between Defendant Congrove's close personal friend, Defendant Bradley and wiretapper Evan Elliott." *Id.* at 17. Once again, Plaintiff's Response does not point to any evidence or provide any substantiation for this alleged "direct connection" between Defendant Bradley and Elliott. *Cf. Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 (D. Md.

_____

[8]Mr. Elliott states that he does not know Congrove or Bradley and denies ever intercepting Plaintiff's emails at Defendant Congrove's direction. *See* Declaration of Evan Elliott, attached as Exhibit D to Defendant Congrove's Motion for Summary Judgment.

2004) (holding that "a *pro se* party's bold assertion completely unsupported by evidence is not sufficient to overcome a motion for summary judgment"). *See also Punahele v. United Airlines, Inc.*, 756 F. Supp. 487, 488 (D. Colo. 1991) (to establish the existence of a genuine issue of material fact, a non-moving party must offer evidence and cannot rely on conclusory allegations).

Finally, Mr. Zinna has not come forward with specific facts that would substantiate his contention that Defendants Congrove and/or Bradley knew or had reason to know that information posted on the ColoradoWackoExposed website came from the illegal interception of Plaintiff's electronic communications. Taken in the light most favorable to the Plaintiff, the Consolidated Response establishes the following facts. Former Jefferson County Commissioner David Auburn recalled conversations in which Defendant Congrove expressed a desire to have someone put up a website on which Mr. Zinna's criminal record could be posted. *See* Exhibit 4, attached to Plaintiff's Consolidated Response. Former Jefferson County Attorney Frank Hutfless recalled that Defendant Congrove, asked him "for any documents relating to Mr. Zinna that we may have over in the County Attorney's Office" that could be posted on ColoradoWackoExposed.com. Hutfless testified that he did not provide Congrove with any records and Defendant Congrove did not specifically identify which documents he wanted to post on the website. *See* Exhibit 5 attached to Plaintiff's Consolidated Response. During his deposition, Robert Laidley referred to a conversation in which former defendant Daril Cinquanta implied that he and Defendant Congrove were responsible for the ColoradoWackoExposed website. However, Laidley also testified that Cinquanta did not indicate where the information posted on the website came from, but simply that Cinquanta "said he had done some of the

investigative stuff for the website." *See* Exhibit 6 attached to Plaintiff's Consolidated Response. Michael Murphy recounted conversations he overheard regarding a website directed against Mr. Zinna. From the tenor of those conversations, Mr. Murphy had the impression that Congrove and Cinquanta were involved in setting up and financing that website. *See* Exhibit 7 attached to Plaintiff's Consolidated Response. Murphy also recalled Cinquanta saying that he had obtained information that was going to be posted on the website. *Id.* None of the above-mentioned deponents referred to illegally intercepted emails, or offered any testimony that referred to Evan Elliott or linked Defendants Congrove or Bradley to illegal wiretaps. In short, Mr. Zinna has not established a *prima facie* case as to each of the essential elements establishing a claim under 18 U.S.C. § 2520(a).

Plaintiff cannot overcome the foregoing proof problems or establish a genuine issue of material fact simply by alleging a conspiracy by the named defendants. It is well-established that a claim of civil conspiracy provides a means by which liability can be imputed to individuals who did not personally perform the overt act which constitutes the statutory violation. However, conspiracy liability cannot be imputed without an actual violation of the underlying statute. *Cf. PBA Local No. 38 v. Woodbridge Police Department*, 832 F. Supp. 808, 832 n.23 (D.N.J. 1993). Moreover, under Colorado law, there are five elements that must be proved to establish a civil conspiracy:

> [T]here must be: (1) two or more persons . . .; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.

*Walker v. Van Laningham*, 148 P.3d 391, 396 (Colo. App. 2006). The overt act in furtherance of the conspiracy must be committed by a co-conspirator. *Cf. Palmer v. People*, 964 P.2d 524, 527

n. 3 (Colo. 1998). *See also United States v. Wardell*, 591 F.3d 1279, 1287 (10th Cir. 2009) ("During the conspiracy, at least one of the coconspirators must commit an overt act in furtherance of the conspiracy").

Given the covert or secretive nature of a conspiracy, the existence of an agreement "may be proved by 'circumstantial evidence which indicates that the conspirators, by their acts, purse th[e] the same objective, with a view toward obtaining a common goal.'" *People v. Robinson*, 226 P.3d 1145, 1155 (Colo. App. 2009). *See also United States v. Dazey,* 403 F.3d 1147, 1159 (10th Cir. 2005) ("conspiracy convictions may be based on circumstantial evidence, and the jury may infer conspiracy from the defendants' conduct and other circumstantial evidence indicating coordination and concert of action"). But it must also be noted that an individual's "mere association" with members of a conspiracy, standing alone, does not prove that individual entered into an agreement to violate the law. *United States v. Wardell*, 591 F.3d at 1288.

In this case, Plaintiff has presented evidence demonstrating Defendant Congrove's antipathy toward Mr. Zinna and his association with Defendants Cook and Bradley and former defendant Cinquanta. The Consolidated Response also presents evidence from which the court could infer that Defendant Cook, Defendant Congrove and former defendant Cinquanta were joined in an effort to publish on ColoradoWackoExposed.com unfavorable information relating to Mr. Zinna in retaliation for Plaintiff's past journalistic endeavors. In addition, Plaintiff has proffered exhibits suggesting that Defendant Congrove was intent on disseminating on the internet reports prepared by the Colorado Bureau of Investigation and other records concerning Mr. Zinna. The available record shows that the website remained operational until November 17, 2006.

In view of the foregoing evidence, the court can appreciate Mr. Zinna's zealous prosecution of this case. However, the sufficiency of Plaintiff's proof must be measured against the specific claim asserted. The Corrected Revised Third Amended Complaint alleges that the defendants "conspir[ed] to intercept, disclose or intentionally use Plaintiff ZINNA's wire, oral, or electronic communications" and that the defendants "acted in concert and in a conspiracy to violate Plaintiff ZINNA's rights under 18 U.S.C. 2520(a)." *See* Corrected Revised Third Amended Complaint, at ¶ 1. The separate facts developed by Mr. Zinna through discovery fall short of the proof required to survive summary judgment, even under a broad conspiracy theory. While Plaintiff has established a link between Defendant Cook and Defendant Congrove, there is no evidence that ties any named defendant to Mr. Elliott, the alleged wiretapper, or any evidence that would suggest that any defendant had any knowledge of or a role in the alleged illegal interception of Plaintiff's emails.[9] Mr. Zinna cannot sustain his conspiracy claim without evidence of an overt act committed by a co-conspirator. At this point, Mr. Zinna has not presented evidence that establishes a genuine issue of material fact on the issue of whether any co-conspirator *knowingly* used or disclosed information obtained through the illegal interception of electronic communications. I find that Plaintiff has failed to come forward with "specific facts showing a genuine issue for trial as to those dispositive matters for which [he]

---

[9]Notably, Mr. Zinna provides the court with one very limited excerpt from Defendant Cook's deposition, during which Mr. Cook refers to a two hour conversation where Defendant Bradley "told me a whole lot about the history of the law that I couldn't retain." *See* Exhibit 9 attached to Plaintiff's Consolidated Response. Mr. Zinna has also provided the court with excerpts from Defendant Bradley's deposition, in which he denies ever meeting or hearing "of a man named Robert Cook." *See* Exhibit 10 attached to Plaintiff's Consolidated Response. While Plaintiff may discount the truthfulness of Defendants Cook and Bradley, these deposition excerpts do not establish the knowing use of information obtained in violation of §2511(1)(c) or (d).

carries the burden of proof," *see Simms v. Oklahoma ex rel. Department of Mental Health*, 165

F.3d 1321, 1326 (10th Cir. 1999), and therefore has not sustained his burden under Rule 56.

## CONCLUSION

Accordingly, for the foregoing reasons, this court recommends that:

(a)       Defendant Bradley's Motion for Summary Judgment Pursuant to Fed. R. Civ. P.

56 Regarding the Statute of Limitations (doc. # 275), together with Defendant Congrove's

Joinder (doc. # 278), be DENIED;

(b)       Defendant Congrove's Motion for Summary Judgment (doc. # 280), together with

Defendant Bradley's Joinder (doc. # 283), be GRANTED, and judgment be entered against

Plaintiff Zinna as to these defendants;

(c)       Defendant Bradley's Motion for Partial Summary Judgment Pursuant to Fed. R.

Civ. P. 56(d), which seeks to limit Plaintiff's recovery to the statutory penalties authorized under

18 U.S.C. § 2520(c), be denied as moot; and

(d)       In light of Plaintiff's failure to establish specific facts showing a genuine issue for

trial as to those dispositive matters for which he carries the burden of proof, judgment be entered

against Plaintiff Zinna as to Defendant Cook.


**Advisement**

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 2nd day of June, 2010.

BY THE COURT:


  s/ Craig B. Shaffer
United States Magistrate Judge