**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 06-cv-01733-CMA-CBS

MICHAEL L. ZINNA,

     Plaintiff,

v.

ROBERT JACKSON COOK, a resident of Colorado and owner of the
internet domain and website known as www.ColoradoWackoExposed.com,
JAMES CONGROVE, and
DUNCAN BRADLEY,

     Defendants.

---

**ORDER ADOPTING AND AFFIRMING JUNE 2, 2010 RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court upon Magistrate Judge Shaffer's Recommenda-
tion of June 2, 2010. (Doc. # 311.) Plaintiff and Defendants Congrove and Bradley
have filed timely objections to the Recommendation. (Doc. ## 313, 314, 321.) After
reviewing the Magistrate Judge's Recommendation *de novo*, see Fed. R. Civ. P.
72(b)(3), the Court adopts the Recommendation.

## I. BACKGROUND

Because the facts of this case are detailed in the Recommendation, which the
Court incorporates herein, the Court provides only the following short recap and will
elaborate on the facts, as needed, in its analysis.

This suit was initiated on September 1, 2006.  (Doc. # 1.)  By order of reference dated September 7, 2006, the case was referred to Magistrate Judge Shaffer to decide pretrial matters and to submit recommendations on dispositive matters.  (Doc. # 2.)  On October 21, 2008, Magistrate Judge Shaffer accepted Plaintiff's Corrected Revised Third Amended Complaint (Doc. # 111-1).  This remains the operative pleading.

Plaintiff alleges that Defendants violated his rights under 18 U.S.C. § 2520(a) by intercepting and posting the contents of e-mails on a website known as "Colorado Wacko Exposed."  Defendants deny the allegations.  (*See* Doc. ## 60, 141, 260.) Defendants Congrove and Bradley moved for summary judgment.  (Doc. # 274, 275, 280.)  They also joined each other's motions.[1]  (Doc. ## 278, 283.)  On June 2, 2010, Magistrate Judge Shaffer issued a recommendation on these motions, which the Court now reviews.

## II.  STANDARD OF REVIEW

### A.    REPORT AND RECOMMENDATION

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the

_____

[1] As will be discussed later, Defendant Cook vanished from this litigation in 2008.

heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## B.   *PRO SE* PLAINTIFF

In addition, Plaintiff is proceeding *pro* se; thus, the Court must liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for a *pro se* litigant. Plaintiff must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## C.   SUMMARY JUDGMENT

Finally, summary judgment is appropriate only if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the

proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670-71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see Adler*, 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

With these principles in mind, the Court turns to the at-issue motions.

## III.  ANALYSIS

## A.    DEFENDANTS BRADLEY AND CONGROVE

Defendants Bradley and Congrove move for summary judgment on two grounds: (1) Plaintiff's claim is barred by the statute of limitations and, (2) even if not barred, Plaintiff fails to show a genuine issue of material fact thus entitling them to summary judgment.  (Doc. ## 275, 278, 280, 283.)  The Court addresses each in turn.[2]

### 1.    Statute of Limitations

A civil action under 18 U.S.C. § 2520(a) "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."  18 U.S.C. § 2520(e).  The limitations period begins "when the claimant has a reasonable opportunity to discover the violation, not when [he] discovers the true identity of the violator or all of the violators."  *Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990); *see also Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425, 430 (D.C. Cir. 2002).

Defendants asserts that, as of June 15, 2006, Plaintiff was on notice his emails had been intercepted.  (Doc. # 275 at 4.)  Plaintiff does not dispute this.  Accordingly, Defendants argue that Plaintiff was required to bring his claims on or before June

---

[2] Defendant Bradley also moved for partial summary judgment (Doc. # 274).  Given this Order, the Court finds that motion moot and thus does not discuss it.

15, 2008.  Because the Revised Third Amended Complaint[3] was not tendered until September 10, 2008, they assert Plaintiff's claims are time-barred.

Plaintiff does not dispute these assertions.  He instead argues that the equitable doctrine of "continuing violation" should apply thus tolling the statute of limitations. (Doc. # 297.)  In the alternative, he argues the Court should equitably toll the statute of limitations.  (Doc. ## 156, 199.)  Defendants oppose both theories.

The Magistrate Judge declined to apply the continuing violation doctrine.  He did, however, find that equitable tolling was appropriate.  As grounds, the Magistrate Judge cited his own delay in addressing Plaintiff's motion to amend his complaint (Doc. # 70). Had he timely addressed it, he concluded, Plaintiff's claim against Defendants would have been preserved without prejudicing Defendants.  (Doc. # 311 at 12.)  Accordingly, he recommended the Court deny Defendants' motions to the extent they assert Plaintiff's claim is barred by the statute of limitations.  (*Id.* at 13.)

Defendants object to this recommendation.  (Doc. ## 313, 314.)  They first assert the Magistrate Judge should have ruled on the continuing violation issue, in particular, that the doctrine is inapplicable in the context of 18 U.S.C. § 2520(e).  Because the Court can decide the case on other grounds, it need not address the issue.  It thus disregards this objection.  Defendants also argue that "Magistrate Judge Shaffer incorrectly concluded that principles of equitable tolling save Plaintiff's untimely

_____

[3] Plaintiff filed his Corrected Revised Third Amended Complaint only to correct a typographical error in paragraph 25 of the Revised Third Amended Complaint.

wiretapping claim."  In particular, they argue that (a) the Magistrate's computation of delay is incorrect and (b) because the Magistrate never actually ruled on Plaintiff's motion any delay is irrelevant.  These objections are without merit.

Defendants first posit that the Magistrate "suggested" the end date for the accrual period was August 26, 2008.  This is wrong.  The Magistrate made no such suggestion. Rather, the Magistrate first observed that Plaintiff filed his motion to amend on April 28, 2008.  He then admonished himself for not addressing that motion until August 26, 2008.  The end date for the accrual period, however, was still June 15, 2008.  His point was that, had he addressed Plaintiff's motion sooner, *i.e.*, before June 15, 2008, Plaintiff's claim would have been preserved.  Thus, he faulted himself for Plaintiff's running afoul of the limitations period.  Doing so was within his discretion.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) ("Equitable tolling might be appropriate . . . where a plaintiff has been lulled into inaction by . . . the courts.") (citation and quotation marks omitted).  In addition, the Magistrate Judge credited Plaintiff's diligence in pursuing this case.  (Doc. # 311 at 12.)  Indeed, this is the sort of circumstance for which the Supreme Court has suggested equitable tolling may be appropriate.  *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies[.]").

Defendants also assert that Magistrate Judge Shaffer "never ruled on Plaintiff's motion to amend[,]" thus any delay was harmless  (Doc. # 313 at 4, 5.)  Even if this is

accurate, which the record belies,[4] this is besides the point.  The Magistrate Judge did

not address this motion until August 2008.  It was the delay in addressing the motion,

not the merits of the motion, that drove his decision to toll the statute of limitations.

Finding no error in that decision, the Court overrules Defendants' objections.

2. <u>The Merits – Alleged Violation Of 18 U.S.C. § 2520(a)</u>

Having concluded Plaintiff's claim overcomes the statute of limitations, the Court

evaluates whether Plaintiff can proceed to trial.

Plaintiff alleges that Defendants violated his rights under 18 U.S.C. § 2520(a).

(Doc. # 111-1 at 9, ¶¶ 32-39.)  This provision is part of Title III of the Omnibus Crime

Control and Safe Streets Act of 1968, as amended by the Electronic Communications

Privacy Act (ECPA), 18 U.S.C. § 2510, *et seq.*  Title III creates civil liability for the

intentional interception, use, or disclosure of wire, oral, or electronic communications.

*See* §§ 2511 and 2520.

In showing "interception," Plaintiff must prove Defendants acted intentionally.

*Thompson v Dulaney*, 970 F2d 744, 749 (10th Cir. 1992).  In addition, to demonstrate

an "interception" under the statute, Plaintiff must show the communication was acquired

contemporaneous with its transmission.  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868,

878 (9th Cir. 2002); *See also Fraser v. Nationwide Mutual Insurance Co.*, 352 F.3d 107,

---

[4] In a minute order dated August 26, 2008, Magistrate Judge Shaffer wrote "Plaintiff's
Oral Motion to withdraw and [70] First MOTION for Leave to File Amended Complaint and
Joinder is GRANTED." (Doc. # 100.)

113 (3rd Cir. 2003) (noting that "[e]very circuit court to have considered the matter has held that an 'intercept' under the ECPA must occur contemporaneously with transmission").

In showing "use" or "disclosure," Plaintiff must also prove intent. In addition, though, Plaintiff must demonstrate that Defendants knew or had reason to know "the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection." *Thompson*, 970 F2d at 749. In other words, "[t]he defendant must know 1) the information used or disclosed came from an intercepted communication, and 2) sufficient facts concerning the circumstances of the interception such that the defendant could, with presumed knowledge of the law, determine that the interception was prohibited in light of Title III." *Id.*

Defendants assert Plaintiff cannot make this showing. They thus contend they are entitled to summary judgment. (*See* Doc. ## 280, 283, 317.) The Magistrate Judge agreed.

As to the "interception," Magistrate Judge Shaffer first observed that Plaintiff did provide evidence showing a close similarity between the contents of emails he sent or received on June 14, 2006 and materials posted on the at-issue website later that same day. This suggests an unlawful interception. He then found, however, that Plaintiff failed to present evidence of an interception that occurred contemporaneously with an electronic transmission. (Doc. # 311 at 15-16.) Plaintiff, for his part, maintains that "[t]he only way the information from those emails could possibly have appeared on the

Colorado Wacko Exposed website is if they were intercepted during transmission when the emails were sent or received." (Doc. # 297 at 20, ¶ 31.) The Magistrate found this inference untenable.

Similarly, the Magistrate Judge also found Plaintiff's evidence was lacking as to Defendants' alleged "use" or "disclosure." In particular, he found that Plaintiff failed to cite facts suggesting Defendants knew or had reason to know that information posted on the website came from the illegal interception of Plaintiff's electronic communications. (Doc. # 311 at 20.)

Plaintiff objects. He raises two points: (1) that the Magistrate erred by not crediting the circumstantial evidence and (2) that Plaintiff produced evidence connecting the Defendants to the "unnamed coconspirator and Wiretapper Evan Elliot." (Doc. # 321 at 6-11.)

Based on the circumstantial evidence, Plaintiff asserts a jury could reasonably conclude Defendants were engaged in illicit behavior regarding the Colorado Wacko Exposed Enterprise. The Court is not persuaded. First, Plaintiff cites no evidence in support of this assertion. (*See* Doc. # 321 at 7-8.) But more to the point, even if he did, the question whether Defendant engaged in "illicit behavior" is irrelevant unless that behavior is connected to Plaintiff's claim. His claim requires proof that the at-issue emails were disclosed or intentionally used in violation of 18 U.S.C. § 2511(1). *See Thompson v Dulaney*, 970 F2d 744, 749 (10th Cir. 1992). Instead of proof, Plaintiff posits accusations and a provocative theory of the case—that Defendants conspired

"to destroy the Plaintiff." (Doc # 321 at 8.) Like many of Plaintiff's assertions, this is a conclusory allegation. Absent proof in support, the Court disregards such allegations. Moreover, as Magistrate Judge Shaffer observed, Plaintiff "cannot overcome the foregoing proof problems or establish a genuine issue of material fact simply by alleging a conspiracy by the named defendants." (Doc. # 311 at 21.) This leads to Plaintiff's second principal objection.

He asserts that "after years of sifting through remnants of concealed evidence, and circumnavigating the obstruction of the Defendants, the Plaintiff has acquired and produced convincing evidence of the connection between the Defendants, and unnamed coconspirator and Wiretapper Evan Elliot." (Doc. # 321 at 8.) Plaintiff is going astray. In his attempt to illustrate the alleged conspiracy, he loses sight of the at-issue Defendants. To survive summary judgment, he must show that Defendants knew or had reason to know that information posted on the website came from the illegal interception of Plaintiff's electronic communications. His focus, however, is on attempting to tie the alleged wiretapper, a man named Evan Elliot, to the defendants. This presents at least three problems.

First, Plaintiff cites no evidence to support this narrative. (*See* Doc. # 321, 8-11.) Second, the evidence of which the Court is aware presents no genuine issue regarding whether Defendants procured Mr. Elliot to intercept Plaintiff's emails. To the contrary, Defendants averred they do not know Mr. Elliot and never dealt with him. (Doc. # 280-1 at 20, ¶ 5; at 23, ¶¶ 2-6.) And Mr. Elliot averred he does not know Defendants

Congrove or Bradley. (*Id.* at 22, ¶¶ 2-4.) Because Plaintiff did not come forward with facts rebutting this evidence, the Magistrate Judge concluded there existed no genuine issue of material fact regarding Mr. Elliot's role as the suspected wiretapper. (Doc. # 311 at 17-18.) Finally, even if Defendants can be tied to Mr. Elliot, that fact is immaterial unless evidence exists creating a genuine issue as to whether Mr. Elliot was the wiretapper. There is none.[5] (*See* Doc. # 311 at 17.)

As the Magistrate Judge observed, "[w]hile Plaintiff has established a link between Defendant Cook and Defendant Congrove, there is no evidence that ties any named defendant to Mr. Elliott, the alleged wiretapper, or any evidence that would suggest that any defendant had any knowledge of or a role in the alleged illegal interception of Plaintiff's emails." Plaintiff fails to correct this problem in his objections. Accordingly, the Court will affirm and adopt the Magistrate Judge's findings with respect to Defendants Congrove and Bradley. The Court now considers Plaintiff's claim against Defendant Cook.

## B. DEFENDANT COOK

Defendant Cook has been absent from this litigation since 2008. He filed a motion to dismiss in April 2008 but soon after vanished. All mail sent to his address has been returned as undeliverable and he has not appeared at any hearing. (*See* Doc.

---

[5] Plaintiff testified at his deposition that, on June 14, 2006, he saw a man in a car outside his home who looked like Mr. Elliot. He drew this conclusion based on a photo he saw of Mr. Elliot years *after* the incident. (Doc. # 280-1 at 14-15; Doc. # 297 at 20, ¶ 32.) Plaintiff believed this man was the wiretapper. Even if this man was Mr. Elliot, the evidence does not create a genuine issue regarding whether this man was intercepting Plaintiff's emails.

## 60, 62, 95, 98, 101, 102 *et al.*)  Nevertheless, given the absence of a genuine issue of material fact, Magistrate Judge Shaffer recommended entering judgment in Cook's favor.

Plaintiff objects.  He argues that because Cook did not file a motion for summary judgment, nor join another motion for summary judgment, the Court should not enter judgment in his favor.  (Doc. # 321 at 4.)  It is true that under Rule 56, the burden is first upon the moving party to demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); *Adler v. Wal-Mart Stores, Inc.*,144 F.3d 664, 670-71 (10th Cir. 1998).  Only then does the burden shift to the non-moving party (here, Plaintiff) to show the existence of a genuine issue of material fact.  *Adler*, 144 F.3d at 671.

However, the Court will not turn a blind eye to the state of the factual record. As to Defendant Cook, Plaintiff has presented evidence showing that he set up the at-issue website. (Doc. # 297, ¶ 25; Doc. # 156-1.)  Evidence also exists creating a genuine issue regarding whether Defendants Cook and Bradley know each other. (Doc. # 297, ¶¶ 25-26.)  However, no evidence exists creating an issue with respect to whether Cook knew the information he posted, i.e., the information he "used" or "disclosed," came from an unlawfully intercepted communication.  Cook apparently testified[6] he was paid in cash by an anonymous man with whom he only spoke on the telephone.  This anonymous man instructed Cook to establish the website and to post on it certain documents that were left in an unmarked envelope (along with the cash).

---

[6] Plaintiff does not cite an exhibit reflecting this testimony.  (*See* Doc. # 321 at 4-5.)

Plaintiff contends this story is "beyond implausible."  That may be so.  But even if his story is implausible, that would only serve to discredit Cook.  It would not show that Cook knew the information he posted came from an intercepted communication or that he knew sufficient facts concerning the circumstances of the interception such that he could, with presumed knowledge of the law, determine that the interception was prohibited in light of Title III.  *See Thompson v Dulaney*, 970 F2d 744, 749 (10th Cir. 1992).

Accordingly, the Court will not allow the case against Cook to proceed.  The Court acknowledges Plaintiff has a right to a trial by jury.  *See DeBry v. Transamerica Corp.*, 601 F.2d 480, 490 (10th Cir. 1979).  That right, however, is not absolute.  Here, given the absence of genuine issues of material fact, a trial is not appropriate.  *Id.* ("there is not an absolute right to have every issue raised submitted to the jury.  The Constitution does not compel this.  It calls for the submission of bona fide fact questions to the jury[.]").  Accordingly, although Cook neither moved for summary judgment nor joined another motion for summary judgment, the Court finds he also is entitled to judgment as a matter of law.

## IV.  CONCLUSION

For these reasons, the Court OVERRULES the parties' objections and ADOPTS Magistrate Judge Shaffer's Recommendation.  (Doc. # 311).  Thus,

- The Court DENIES Defendant Bradley's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 Regarding the Statute of Limitations, together with Defendant Congrove's Joinder (Doc. ## 275, 278).

- The Court GRANTS Defendant Congrove's Motion for Summary Judgment, together with Defendant Bradley's Joinder. (Doc. ## 280, 283.) Accordingly, the Court will enter judgment in favor of Defendants Congrove and Bradley and against Plaintiff.

- The Court DENIES AS MOOT Defendant Bradley's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d). (Doc. # 274.)

- In light of Plaintiff's failure to establish specific facts showing a genuine issue for trial as to those dispositive matters for which he carries the burden of proof, the Court will enter judgment against Plaintiff Zinna as to Defendant Cook.

- This case is DISMISSED WITH PREJUDICE.

- It is FURTHER ORDERED that Defendants Bradley and Congrove shall have their costs by the filing of a Bill of Costs with the Clerk of the Court within fourteen days of the entry of judgment. They are not, however, entitled to attorneys' fees.

DATED:  September   07  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge